387 So.2d 533 (1980)
CITY OF WEST PALM BEACH, Appellant,
v.
PALM BEACH COUNTY POLICE BENEVOLENT ASSOCIATION, Appellee.
No. 79-1520.
District Court of Appeal of Florida, Fourth District.
September 10, 1980.
James R. Wolf, Asst. City Atty., West Palm Beach, for appellant.
Melanie C. Jacobson of Panza, O'Donnell & Jacobson, Fort Lauderdale, for appellee.
PER CURIAM.
The city of West Palm Beach appeals a judgment of the circuit court refusing to vacate an arbitration award. We find no error and affirm.
At all material times, appellant, City of West Palm Beach, and appellee, Palm Beach County Police Benevolent Association, were parties to a labor-management agreement that permitted binding arbitration of disputes. In addition, the parties entered into a letter agreement submitting the particular dispute in question here to binding arbitration.
At issue was a transfer of Sergeant David Houser from the position of sergeant in the Detective Division of the West Palm Beach Police Department to the complaint desk in the Administrative Division. The employee attacks the transfer as punitive, alleging that it was solely in retaliation for his efforts on behalf of the Association of which he was an officer. The City's defense was predicated upon the fact that this was a lateral transfer, solely within the *534 province of the chief of police. Employee's second complaint involved a denial of his application for transfer back to the original position, but this complaint was rejected by the arbitrator and is not involved in this appeal.
The arbitrator found that the employee's initial complaint was justified and that the transfer had been punitive. The remedy awarded was to require the City to reinstate the employee in his previous position for a length of time not less than the length of time he was improperly required to serve at the complaint desk.
In the circuit court and here, the City takes the position that the arbitrator lacked jurisdiction over the subject matter or, in the alternative, that the arbitrator exceeded his jurisdiction in making the award.
With regard to subject matter jurisdiction, appellant urges that jurisdiction over the subject matter cannot be conferred on a tribunal by either failure to object or by consent. Appellant then suggests that this rule is equally applicable to arbitration proceedings. We concur in the first suggestion but reject its extension to arbitration proceedings. The jurisdiction of courts arises from constitutional, statutory or common law authority. The parties may not confer jurisdiction by waiver, failure to object, or consent, where none is given by law. Wilds v. Permenter, 228 So.2d 408 (Fla. 4th DCA 1969); Dicaprio v. State, 352 So.2d 78 (Fla. 4th DCA 1977). On the other hand, jurisdiction in arbitration proceedings is conferred by the agreement of the parties and is circumscribed by the terms of that agreement. Accordingly, jurisdiction may and does arise by waiver, failure to object and consent. The New Jersey case cited by appellant for the contrary view actually lends support to the concept of consensual jurisdiction. New Jersey Manufacturers Insurance Company v. Franklin, 160 N.J. Super. 292, 389 A.2d 980 (1978).
The question, then, is whether, under the terms of the two agreements between the parties and applicable law, the arbitrator either lacked jurisdiction or exceeded his jurisdiction.
Initially we note that the basic agreement between the City and the Association is sanctioned by statute. § 447.401 Fla. Stat. (1979). Nor do we find any conflict with the Florida Arbitration Code. Chapter 682, Fla. Stat. (1979).
The standard of judicial review applicable to challenges of awards made by arbitrators is very limited and "a high degree of conclusiveness attaches to an arbitration award because the parties themselves have chosen to go this route in order to avoid the expense and delay of litigation ... The arbitrator is the sole and final judge of the evidence and the weight to be given it." Affiliated Marketing, Inc. v. Dyco Chemicals & Coating, Inc., 340 So.2d 1240, 1242 (Fla. 2d DCA 1976), cert. den. 353 So.2d 675 (Fla. 1977). The Supreme Court of Florida stated in Johnson v. Wells, 72 Fla. 290, 73 So. 188, 190-91 (1916):
The reason for the high degree of conclusiveness which attaches to an award made by arbitrators is that the parties have by agreement substituted a tribunal of their own choosing for the one provided and established by law, to the end that the expense usually incurred by litigation may be avoided and the cause speedily and finally determined. To permit the dissatisfied party to set aside the award and invoke the judgment of the court upon the merits of the cause would be to destroy the purpose of the arbitration and render it merely a step in the settlement of the controversy, instead of a final determination of it.
Also instructive on the issue of the propriety of engaging the arbitrator to resolve the dispute in the first place as well as the propriety of the award, is the following language of the Supreme Court of New Jersey in Kearny PBA Local # 21 v. Town of Kearny, 81 N.J. 208, 405 A.2d 393, 399-400 (1979):
An arbitrator's award is not to be cast aside lightly. It is subject to being vacated only when it has been shown that a statutory basis justifies that action. However, as we have previously pointed *535 out, an arbitrator's award in the public sector should be consonant with the criteria peculiarly applicable in this area. No showing was made here that the arbitrator acted contrary to the inherent guidelines applicable to public sector arbitration. In that event (the underlying facts being virtually undisputed) the scope of judicial review is limited to determining whether or not the interpretation of the contractual language is reasonably debatable.... If so, then we should adhere to the parties voluntary agreement to engage an arbitrator to resolve their dispute.
Our review of the record indicates that the matter presented to the arbitrator under the collective bargaining agreement was properly before him despite the City's dissatisfaction with the arbitrator and the City's claim that the arbitrator exceeded his power and jurisdiction.
In light of these findings and the fact that the trial court limited its inquiry to whether or not the award conformed to the matters presented to the arbitrator by joint letter of submission, and whether the interpretation of the contractual language was reasonable since it arrived at affirmative responses to these inquiries, we hold that the trial court did not err in confirming the arbitrator. See City of Waterbury v. Police Union Local 1237, 407 A.2d 1013 (Conn. 1979).
Accordingly, we affirm.
AFFIRMED.
LETTS, C.J., and DOWNEY and HURLEY, JJ., concur.