423 So.2d 1021 (1982)
CITY OF BOCA RATON, Appellant/Cross-Appellee,
v.
FAITH BAPTIST CHURCH OF BOCA RATON, INC., a Florida Nonprofit Corporation; Woodlands Christian Academy, an Unincorporated Educational Institution; and the Reverend Jerry Peterson, Pastor, Faith Baptist Church, Appellees/Cross-Appellants.
No. 82-905.
District Court of Appeal of Florida, Fourth District.
December 29, 1982.
M.A. Galbraith, Jr., City Atty., Boca Raton, for appellant/cross-appellee.
*1022 Jon Jay Ferdinand, Tamarac, for appellees/cross-appellants.
DOWNEY, Judge.
After finally disposing of the underlying litigation, the City of Boca Raton sought the assessment of reasonable attorney's fees against appellee pursuant to Section 57.105, on the grounds that appellee's defense completely lacked any justiciable issue of law or fact. The trial court awarded the City an attorney's fee but not a reasonable fee as provided by statute. Both parties seek reversal of that order.
The evidence showed that the reasonable value of the services rendered in the trial court by the City Attorney was $100 per hour. However, since the City was represented in this case by the City Attorney, who is paid a salary, the trial court felt an award of reasonable attorney's fees to the City would result in a windfall. Therefore, the trial court awarded the City a fee based on an hourly rate, which was arrived at by taking into consideration the City Attorney's salary. The fee awarded was substantially less than a reasonable fee based on the expert testimony adduced.
While we cannot deny the trial court's position was was arguable, we reject it and hold that the City was entitled to be awarded a reasonable attorney's fee as provided in the statute. The mere fact that the plaintiff was represented by its house counsel who was paid an annual salary does not militate against the allowance of reasonable attorney's fees as provided by law. That is the position taken by the Seventh Circuit in Illinois v. Sangamo Constr. Company, 657 F.2d 855 (7th Cir.1981), wherein the State of Illinois, in its proprietary capacity, brought suit under a federal anti-trust act that entitles a successful litigant to treble damages, costs, and reasonable attorney's fees. The trial court awarded the successful state a reasonable fee of $63,285. The defendants contended, among other things, that, since the state was represented by the state attorney general, an award of attorney's fees to the state should be limited to the actual costs incurred by the state for the lawyers' salaries. A number of other federal cases are cited in Sangamo that support the allowance of a reasonable fee to a successful party when its counsel is salaried or when the services are rendered free of charge.
The court in Whitten v. Progressive Cas. Ins. Co., 410 So.2d 501 (Fla. 1982), at 505, noted that the purpose of Section 57.105 is:
... to discourage baseless claims, stonewall defenses and sham appeals in civil litigation by placing a price tag through attorney's fees awards on losing parties who engage in these activities. Such frivolous litigation constitutes a reckless waste of judicial resources as well as the time and money of prevailing litigants.
We believe the allowance of a reasonable fee in these circumstances is consistent with that purpose. In addition, we do not believe this holding in any way impinges upon the rule that restricts the allowance of attorney's fees in contract cases to not more than the amount agreed upon between the parties, such as Sarasota Pub. Co. v. E.C. Palmer & Co., Limited, 102 Fla. 303, 135 So. 521 (1931). In that case the contracting parties (lawyer and client) had decided between themselves that the fee agreed upon was reasonable.
Another reason to reject the appellees' proposal to limit the fees in a case like this to the actual cost to the party-recipient is that it would entail an evidentiary investigation into all of the ramifications of the overhead of the City Attorney's office. As the court said in Sangamo:
[R]eliance on generally prevailing market rates for attorneys with comparable skill, experience, and reputation simplifies the already difficult task district courts face in awarding reasonable attorney's fees. Defendants' approach would require courts to investigate the overhead and incidental expenses incurred by a state in connection with the prosecution of an antitrust suit. Such an inquiry would be a cumbersome means for arriving at a tentative figure of reasonableness. It is far better to rely upon generally prevailing market rates, which take into consideration *1023 factors such as overhead and support personnel. The initial use of an objective standard of reasonableness, i.e., generally prevailing market rates, is far preferable to extensive judicial scrutiny of private fee arrangements or of the internal economics of the Attorney General's office.
657 F.2d 855, at 861, 862.
Accordingly, we reverse the order appealed from and remand the cause to the trial court with directions to reconsider the amount of attorney's fee due appellant in the light of the evidence and the factors to be considered in determining a reasonable attorney's fee.[1] A further hearing on the question of attorney's fees may be appropriate in the court's discretion.
We have considered the appellees' cross-appeal and found it to be without merit.
REVERSED AND REMANDED with directions.
LETTS, C.J., and DELL, J., concur.
NOTES
[1] See Pitkin v. Ryan, 409 So.2d 1221 (Fla. 4th DCA 1982). See also Disciplinary Rule 2-106(B), Code of Professional Responsibility.