PER CURIAM.
Packard’s original complaint stating a cause of action for fraud in the inducement contained conclusory allegations of mental condition and failed to allege sufficient facts to maintain that claim. See Arnold, v. Week, 388 So.2d 269 (Fla. 4th DCA 1980), review denied, 399 So.2d 1140 (Fla.1981), citing American Int’l Land Corp. v. Hanna, 323 So.2d 567 (Fla. 1975). The phraseology used in the arbitration clause was not ambiguous, and the matter was properly referred to arbitration. See Larry Kent Homes, Inc. v. Empire of America FSA, 474 So.2d 868 (Fla. 5th DCA 1985) (arbitration agreements are valid and enforceable and public policy favors arbitration as an alternative to litigation), review denied, 484 So.2d 7 (Fla.1986). See also Physician’s Weight Loss Centers of America, Inc. v. Payne, 461 So.2d 977, 978, n. 5 (Fla. 1st DCA 1984). An arbitration award may not be vacated upon mistake of fact or law but only upon statutory grounds. McDonald v. Hardy County School Board, 448 So.2d 593 (Fla. 2d DCA), review denied, 456 So.2d 1181 (Fla.1984); see also Dairyland Ins. Co. v. Hudnall, 279 So.2d 905 (Fla. 3d DCA 1973).
Accordingly, the judgment of the trial court is AFFIRMED.