684 So.2d 221 (1996)
WORLD INVEST CORPORATION and Henry Tegler, Jr., Appellants/Cross-Appellees,
v.
Anna BREEN, individually and as Trustee, Appellee/Cross-Appellant, and
James Edwards, Chester Kyle, and Glen Horecky, Appellees.
No. 95-2661.
District Court of Appeal of Florida, Fourth District.
November 20, 1996.
Clarification Denied January 7, 1997.
*222 William S. Scott of The Scott Law Firm, Hollywood, for appellants/cross-appellees.
Russell L. Forkey, P.A., Ft. Lauderdale, for appellee/cross-appellant.
STEVENSON, Judge.
This is an appeal and cross-appeal from an order dismissing a petition to vacate an arbitration award and denying the successful movants' motion for attorney's fees. Because we find that the trial court erred in dismissing the petition, we reverse on the cross-appeal, rendering moot the attorney's fee issue raised on appeal.
Anna Breen, cross-appellant, filed a claim with the National Association of Securities Dealers (NASD) against appellants, World Investment Corporation and Henry Tegler, Jr., alleging fraud, negligence, and other misconduct. Breen alleged that appellants sold her securities that were unsuitable for her investment objectives, did not properly supervise their salespeople, and that certain salespeople were not properly registered. After a hearing on Breen's claim, the arbitration panel concluded that appellants were not liable.
Breen filed a petition in circuit court to vacate the arbitration award alleging that the panel's decision was "arbitrary and capricious" and that there was "evident partiality" on the part of the arbitrators. Breen alleged that there was no support at all in the record for the arbitration panel's decision and that only through bias could the panel have reached its conclusions.
Appellants filed a motion to dismiss the petition and for attorney's fees. As a basis for this motion, appellants claimed that Breen failed to provide any justification for her conclusion that the panel's decision was arbitrary and capricious, or evidenced clear partiality. Appellants sought attorney's fees on the basis that Breen's petition was allegedly filed in bad faith and contrary to her written agreement to abide by the arbitration award. After a hearing on the motion to dismiss, the trial court entered an order dismissing the petition and denying appellants' request for attorney's fees.
Because Breen's claim stated a basis upon which relief could be granted, we hold that the trial court erred in dismissing the petition to vacate the arbitration award. When a petition to vacate an arbitration award alleges facially sufficient grounds for relief, the trial court must, at least, hold a limited evidentiary hearing to allow the movant to submit evidence to establish its claim. See O.R. Sec. v. Professional Planning Assocs., 857 F.2d 742 (11th Cir.1988).[1]
Although arbitration awards are accorded great deference, there are several statutory and nonstatutory grounds upon which an arbitration award may be vacated. An arbitration award may be vacated on the non-statutory ground that it is arbitrary and capricious. In Ainsworth v. Skurnick, 960 F.2d 939, 941 (11th Cir.1992), the court stated that "an award that is arbitrary and capricious is not required to be enforced. An award is arbitrary and capricious only if a ground for the arbitrator's decision cannot be inferred from the facts of the case." The burden is on the party requesting the vacatur *223 to refute every rational basis on which the arbitrator could have relied. See Brown v. Rauscher Pierce Refsnes, Inc., 994 F.2d 775, 779 (11th Cir.1993). As one of the statutory grounds for vacating an arbitration award, the Federal Arbitration Act at 9 U.S.C. § 10(b) provides that a court may vacate an award "[w]here there was evident partiality or corruption in the arbitrators or either of them." (emphasis added).
The nature and extent of the evidence to be taken at a hearing to vacate an arbitration award is a matter resting within the sound discretion of the trial judge; a full-blown trial is not required. O.R. Sec., 857 F.2d at 747-48. Breen alleged that the arbitrators' decision was arbitrary and capricious in that she presented "unrefuted" evidence in support of her claims, yet she was denied relief. If requested to do so by Breen, the trial court will, at least, be required to scan the transcript of the arbitration hearing to determine whether any rational basis exists to support the panel's decision.
As for Breen's second claim, we agree with the trial court that Breen failed to allege any facts which could support a finding of "evident partiality." The federal courts have required the party challenging an arbitration award on this basis to allege specific facts indicating improper motives on the part of the arbitrator[s], or at least, specific facts which create a reasonable impression of partiality. See Toyota of Berkeley v. Local 1095, 834 F.2d 751 (9th Cir.1987); Park v. First Union Brokerage Servs., 926 F.Supp. 1085, 1088 (M.D.Fla.1996). Breen's only support for her claim of evident partiality is her belief that bias must have existed because the arbitrators did not find in her favor. Nevertheless on remand, Breen should have at least one more opportunity to amend her petition to state a proper claim, if she can do so in good faith.
Accordingly, we reverse the order dismissing the petition to vacate the arbitration award. The appellants' challenge to the denial of attorney's fees for successfully having the petition dismissed is now moot.
REVERSED and REMANDED for further proceedings consistent with this opinion.
GLICKSTEIN, J., and BROWN, LUCY C., Associate Judge, concur.
NOTES
[1] The parties agree that federal law, not state law, governs evaluation of the substantive aspects of Breen's claims. See Merrill Lynch, Inc. v. Melamed, 405 So.2d 790 (Fla. 4th DCA 1981)(holding that the Federal Arbitration Act supersedes the Florida Arbitration Act where interstate commerce is involved).