683 So.2d 204 (1996)
Matthew LEIBOWITZ and Debra Leibowitz, Appellants,
v.
The CITY OF MIAMI BEACH, Appellee.
No. 96-508.
District Court of Appeal of Florida, Third District.
November 27, 1996.
*205 Norman Malinski, for appellants.
Murray H. Dubbin, City Attorney and Jean Olin, Deputy City Attorney, for appellee.
Before NESBITT, JORGENSON and GODERICH, JJ.
PER CURIAM.
Matthew Leibowitz and Debra Leibowitz appeal, and The City of Miami Beach [City] cross-appeals, from an order awarding attorney's fees in favor of the City. We affirm as to the main appeal and reverse as to the cross-appeal.
The trial court entered an ex parte order granting the Leibowitzes' request for a temporary injunction and establishing bond in the amount of $100. Shortly thereafter, the City, who was represented by the City Attorney's office, moved to dissolve the temporary injunction and to modify the injunction bond. The trial court sua sponte dissolved the temporary injunction, but did not hear the motion to modify the bond.
The City moved for attorney's fees. The motion stated that it expended 30 hours in obtaining the dissolution of the temporary injunction and requested payment of attorney's fees at the rate of $150 per hour. At the evidentiary hearing, the City presented uncontroverted evidence that $150 is a reasonable hourly rate. Nonetheless, in calculating the award of attorney's fees, the trial court based the hourly rate on the Assistant City Attorney's salary. The trial court awarded the City 30 hours at $46.40 an hour for a total award of $1,392.
The Leibowitzes argue on appeal that damages for the wrongful obtaining of a temporary injunction cannot exceed the bond amount. See Parker Tampa Two, Inc. v. Somerset Dev. Corp., 544 So.2d 1018 (Fla. 1989). This is the general rule, however, "where there has been no opportunity for a hearing and where the enjoined party has proceeded expeditiously to exhaust available remedies, the damages for wrongful injunction are not limited to the bond amount." SeaEscape, Ltd., Inc. v. Maximum Mktg. Exposure, Inc., 568 So.2d 952, 956 (Fla. 3d DCA 1990). Accordingly, under the circumstances, we find that the trial court was entitled to award attorney's fees that exceeded the bond amount.
On cross-appeal, the City contends that the trial court erred in basing the hourly rate of the attorney's fee award on the Assistant City Attorney's salary. We agree.
In City of Boca Raton v. Faith Baptist Church of Boca Raton, Inc., 423 So.2d 1021, 1022 (Fla. 4th DCA 1982), the court held that the "mere fact that the [City] was represented by its house counsel who was paid an annual salary does not militate against the allowance of reasonable attorney's fees as provided by law." Therefore, since the uncontroverted testimony showed that $150 is a reasonable hourly rate, we reverse and remand for a recalculation of the attorney's fee award at a rate of $150 per hour.
Affirmed, in part; reversed, in part.