693 So.2d 134 (1997)
Ron COCHRAN, Sheriff of Broward County, Florida, Appellant,
v.
BROWARD COUNTY POLICE BENEVOLENT ASSOCIATION, INC., Appellee.
No. 96-1752.
District Court of Appeal of Florida, Fourth District.
May 14, 1997.
*135 Charles T. Whitelock and Steven J. Silverman of Whitelock, Rodriguez & Williams, P.A., Fort Lauderdale, for appellant.
Barbara R. Duffy of Broward County PBA, Fort Lauderdale, for appellee.
KLEIN, Judge.
The sheriff appeals an order of the circuit court which refused to vacate an arbitrator's decision. The arbitrator found that the sheriff did not have just cause to discharge Joseph Bellevance as a result of a jail incident, and ordered that Bellevance be reinstated. The sheriff argues that the arbitration award should have been vacated on the ground that the arbitrator required clear and convincing evidence rather than preponderance of the evidence in determining whether the sheriff had established good cause to discharge Bellevance.
The arbitrator did use the higher standard, explaining that he did so in discharge cases because a discharge would be an "unfavorable reflection on the moral character of the employee which is almost impossible to erase," and would seriously affect his ability to obtain employment elsewhere.
Although the arbitrator did not have to apply the higher standard in this case, the sheriff has not provided us with any authority holding that this would be a ground for vacating an arbitration award under section 682.13, Florida Statutes (1993). According to Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327 (Fla.1989) a trial court has no authority to overturn an arbitration award except for a ground contained in the statute, and awards will not be set aside for mere errors of judgment as to the law.
We conclude that the standard of proof utilized by the arbitrator is not a ground for vacating the award. Nor are any of the arguments asserted by the sheriff. We therefore affirm.
GLICKSTEIN and SHAHOOD, JJ., concur.