WHATLEY, Judge.
Rose Bailey appeals the award to Christopher Miller of attorney’s fees and costs pursuant to section 768.79, Florida Statutes (1993). We affirm.
Bailey filed an action against the appellees for damages she sustained in an automobile accident. By letter to Bailey’s attorney dated April 17,1995, Miller’s attorney submitted an offer of judgment for $15,001 to Bailey pursuant to section 768.79. On April 18, 1995, Miller’s attorney filed a notice with the clerk of the circuit court advising the court that an offer of judgment had been served on Bailey’s attorney. Bailey did not accept the offer. Subsequently, a jury rendered a verdict in favor of Bailey that set her damages at $5,000. In light of the fact that the verdict was less than 75% of his offer, Miller filed a motion to tax fees and costs. Bailey filed a motion to tax costs as the prevailing party. The trial court granted both motions. A hearing was held, and the trial court subsequently entered an amended final judgment awarding Miller a net amount of $1,696.88 after setting off the amount of fees and costs to be awarded him against the verdict in favor of Bailey and the costs awarded to her as the prevailing party.
By this appeal, Bailey contends that the offer of judgment was a nullity because it did not contain a certificate of service and it was not verified. As noted above, the day after the date of the letter conveying the offer of judgment, Miller’s attorney filed a notice of service of the offer. Additionally, Florida Rule of Civil Procedure 1.030 provides that neither pleadings nor papers of a party represented by an attorney need be verified. Thus, these issues are without merit.
Bailey next contends that the award of attorney’s fees was improper because Miller was represented by his insurance company’s staff counsel who was working on a salaried basis rather than pursuant to a fee contract. In support of this position, Bailey quotes the following from Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145, 1151 (Fla.1985): “[I]n no case should the court-awarded fee exceed the fee agreement reached by the attorney and his client.” This statement is inapposite to the issue raised by Bailey as it was made by the supreme court in the course of a discussion of the circumstances in which contingency risk multipliers should be used in determining an award of attorney’s fees. Such a multiplier was not used in this case.
Section 768.79(1) specifically contemplates that an insurance carrier might represent a defendant:
In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney’s fees incurred by him or on his behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney’s fees against the award.
§ 768.79(1), Fla. Stat. (1993) (emphasis supplied): Even in the context of the 1987 version of this statute, which did not contain the underlined phrase, the argument was rejected that a defendant represented by an insurance carrier could not recover attorney’s fees and costs because the carrier was not a party to the action. Royster v. Van Der Meulen, 564 So.2d 1204 (Fla. 1st DCA 1990). See also Aspen v. Bayless, 564 So.2d 1081 (Fla. 1990) (holding that party is not precluded from recovering costs under former version *974 of Florida Rule of Civil Procedure 1.442 where someone other than named party pays or advances those costs); City of Boca Raton v. Faith Baptist Church of Boca Raton, Inc., 423 So.2d 1021 (Fla. 4th DCA 1982) (holding that fact city was represented by its own city attorney who was paid annual salary did not militate against award to city of reasonable attorney’s fee pursuant to section 57.105).
Affirmed.
PARKER, C.J., and QUINCE, J., concur.