708 So.2d 994 (1998)
VERZURA CONSTRUCTION, INC., a Florida corporation, Appellant,
v.
SURFSIDE OCEAN, INC., a Florida corporation, Appellee.
No. 96-1932.
District Court of Appeal of Florida, Third District.
March 25, 1998.
Rehearing Denied May 6, 1998.
The Henriques Group, P.A. and Gennivieve Henriques, Miami, for appellant.
Silver & Waldman, P.A. and Patricia M. Silver, Miami, for appellee.
Before SCHWARTZ, C.J., and COPE and GREEN, JJ.
GREEN, Judge.
Verzura Construction, Inc. ("Verzura") appeals an order confirming an arbitration *995 award and final judgment entered pursuant thereto and in favor of Surfside Ocean, Inc. ("Surfside"). We affirm.
In 1993, Verzura, a contractor, entered into a written agreement with Surfside for the improvement of certain real property owned by Surfside. This agreement contained an arbitration provision clause for the resolution of disputes between these parties. After Verzura had performed under the contract, Surfside terminated Verzura. Within ninety days, Verzura made demand for payment and filed a claim of lien for over $400,000.00. An amended lien for one million dollars was subsequently filed by Verzura. Surfside commenced this litigation when it filed a complaint seeking damages for a fraudulent lien, slander of title, interference with advantageous business relationships and civil theft. Verzura then filed a separate lawsuit seeking to foreclose on its lien and for breach of contract. Verzura then moved to dismiss Surfside's action or, in the alternative, to compel arbitration in accordance with the arbitration clause in the contract. The court ordered both actions to arbitration.
After both of these actions were arbitrated, the arbitration panel entered its award on December 21, 1995. The panel awarded Verzura $37,580.00 as damages for its breach of contract claim, but found Verzura's liens to be fraudulent. Prior to a confirmation of this award, Verzura sought an appeal of the panel's decision to the appellate division of the eleventh judicial circuit. This appeal was subsequently dismissed by the court for lack of jurisdiction.[1]
Thereafter, Surfside filed its motion to confirm the arbitration award and for entry of final judgment by the lower court. On April 26, 1996, the court confirmed the findings of the arbitration panel by entering a final judgment in favor of Verzura for $37,580.00 and by discharging Verzura's claim of lien as fraudulent. Verzura's subsequent motion for rehearing was denied.
On this appeal, Verzura maintains that the arbitration panel's determination that its lien and amended claim of lien were fraudulent was wrong and that the lower court accordingly erred in confirming this award. Surfside counters that a party seeking to challenge any matters before an arbitration panel must do so within ninety days of the award and that any such challenge is limited to the statutory grounds specifically enumerated in section 682.13, Florida Statutes (1993). Thus, because Verzura's challenge is to a factual and/or legal conclusion of the panel which is not a cognizable statutory ground for vacating the award, the lower court correctly confirmed the award.
Florida Arbitration Code sections 682.01-682.22 (1993), which govern this arbitration dispute specifically permit any party to move to vacate, modify or correct any award when:
(a) The award was procured by corruption, fraud or other undue means.
(b) There was evident partiality by an arbitrator... or corruption ... or misconduct prejudicing the rights of any party.
(c) The arbitrators ... in the course of his jurisdiction exceeded their powers.
(d) The arbitrators ... refused to postpone the hearing upon sufficient cause being shown thereof or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of s. 682.06, as to prejudice substantially the rights of a party.
(e) There was no agreement or provision for arbitration subject to law, ... unless the party participated in the arbitration hearing without raising the objection.
§ 682.13, Fla. Stat. (1993). These are the sole grounds upon which an arbitration award may be challenged. See Packard v. Ripple, 531 So.2d 991, 991 (Fla. 3d DCA 1988). Rather than timely asserting a challenge to the panel's award based upon one or more of these statutory grounds, Verzura has *996 untimely attempted to vacate the factual and/or legal determination of the panel that its liens were fraudulent. In City of West Palm Beach v. Palm Beach County Police Benevolent Ass'n, 387 So.2d 533, 534 (Fla. 4th DCA 1980), the court reasoned:
The standard of judicial review applicable to challenges of awards made by arbitrators is very limited and "a high degree of conclusiveness attaches to an arbitration award because the parties themselves have chosen to go this route in order to avoid the expense and delay of litigation .... The arbitrator is the sole and final judge of the evidence and the weight to be given it."
Id. (citing Affiliated Marketing, Inc. v. Dyco Chem. & Coatings, Inc., 340 So.2d 1240, 1242 (Fla. 2d DCA 1976)). The law is clear that awards made by arbitration panels cannot be set aside for mere errors of judgment either as to the law or as to the facts; if the award is within the scope of the submission, and the arbitrators are not guilty of the acts of misconduct set forth in the statute, the award operates as a final and conclusive judgment. See Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327, 1328 (Fla.1989); Service Station Aid, Inc. v. Turnberry Assocs., 629 So.2d 204, 204 (Fla. 3d DCA 1993), review granted, 639 So.2d 983 (Fla.1994), aff'd, 651 So.2d 1173 (Fla.1995); Keyes Co. v. Gomez, 590 So.2d 954, 955 (Fla. 3d DCA 1991); Packard, 531 So.2d at 991. Indeed, the arbitration code itself specifically provides that the fact that the relief [granted by the panel] was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award. § 682.13(1)(e), Fla. Stat. (1997). Thus, in the absence of any timely challenge to this award based upon the enumerated statutory grounds, the lower court's confirmation of the arbitration award must be upheld.
Affirmed.
NOTES
[1] Verzura subsequently filed an appeal in this court to review the dismissal of its appeal in the circuit court. Verzura then amended its appeal to include the subsequent denial of its motion to vacate the arbitration award. This court treated the first notice of appeal as a petition for writ of certiorari and summarily denied the same but allowed the appeal of the order confirming the arbitration award to proceed.