VAN NORTWICK, Judge.
The City of Tallahassee seeks review of a final order confirming the report of an arbitrator in a grievance proceeding pursuant to the collective bargaining agreement between the City’s police department and The Big Bend Police Benevolent Association, an ap-pellee. The City argues that the trial court failed to comply with the essential requirements of law in refusing to vacate the arbitrator’s decision, contending that the arbitrator had exceeded his authority or power and the arbitrator’s decision had violated public policy. Because the City failed to show that the award of the arbitrator was violative of any of the provisions of section 682.13(1), Florida Statutes (1995), we affirm.
The City terminated the employment of appellee Thomas Maureau, a lieutenant in the Tallahassee Police Department, following an internal investigation which the City believed demonstrated that Maureau was guilty *215 of sexual misconduct on duty and had given false statements to the police chief and division commander. As authorized by the collective bargaining agreement between the City and the appellee benevolent association, Maureau filed a grievance and the cause proceeded to arbitration. Following an evi-dentiary hearing, the arbitrator sustained only one of the City’s charges, giving a false statement to the police chief, and ordered the reinstatement of Maureau to the rank of lieutenant following a four month suspension without pay. The City applied to the trial court to vacate the arbitrator’s decision. The lower court denied the relief sought by appellant, finding that it had not been shown that the arbitrator’s award violated any of the grounds for vacating an arbitration award set forth in section 682.13(l).[1]
The City argues here, as below, that the arbitrator exceeded his authority by using the clear and convincing standard of proof, rather than the preponderance of the evidence standard. Assuming, without deciding, that the application of the preponderance of evidence standard was required, the arbitrator’s use of the stricter standard is not a basis for vacating the arbitrator’s decision under section 682.13(1), Florida Statutes (1995). Cochran v. Broward County Police Benevolent Ass’n, Inc., 693 So.2d 134 (Fla. 4th DCA 1997). The grounds listed in section 682.13(1) are the only basis on which an arbitrator’s award may be vacated. See Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327 (Fla.1989). In Cochran, a sheriff appealed an order which refused to vacate the arbitrator’s decision which resulted in reinstatement of a law enforcement officer. Cochran, 693 So.2d at 134. The sheriff argued in Cochran, as appellant does in the instant case, that the arbitrator erroneously employed the clear and convincing standard. The Cochran court held that application of the wrong evidentiary standard was not a basis for vacating the award. Id. We find Cochran persuasive.
We also find without merit appellant’s argument that the arbitrator’s decision to reinstate a police officer following a four month suspension without pay constitutes a violation of Florida public policy that police officers have good moral character. The City’s argument that the arbitrator’s award violates public policy presumes that the sexual misconduct charges made against Maureau were sustained. The arbitrator found, however, that the appellant had proved only that Lieutenant Maureau had lied to his chief regarding the existence of a romantic relationship with another police officer. The other charges against Maureau were not sustained.
We are not able to disturb the arbitrator’s findings of fact. City of West Palm Beach v. Palm Beach County Police Benevolent Ass’n, 387 So.2d 533 (Fla. 4th DCA 1980)(an arbitrator is the sole and final judge of the evidence and the weight to be given it). The arbitrator’s lengthy written decision indicates that both the current and past chief of the police department testified that they would not have terminated Maureau for making false statement alone and appellant has cited no case to us suggesting that public policy mandates the termination of a police officer for an incident of untruthfulness to a superior.
We find the remaining issue raised in this appeal also to be without merit.
The order under review is AFFIRMED.
COSTELLO, DEDEE S., Associate Judge, concurs.
BOOTH, J., specially concurs with written opinion.

. Section 682.13(1) provides that:
Upon application of a party, a court shall vacate an arbitrator's ward when:
(a) The award was procured by corruption, fraud or other undue means;
(b) There was evident partiality....;
(c) The arbitrators or umpires in the course of his jurisdiction exceeded their powers;
(d) The arbitrators ... in the course of his jurisdiction refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of s. 682.06, as to prejudice substantially the rights of a party; and
(e)There was no agreement or provision for arbitration subject to this law....