BOOTH, Judge,
specially concurring.
I must concur in the majority opinion since, from the record before us, it appears that the issue of the proper burden of proof was not preserved below. While we have not been furnished with a transcript, we do have the following statements in the arbitrator’s order:
[T]he Union also presented argument in its post hearing brief that the City has the burden of proving it had just cause to terminate Maureau. It argues that, because of the nature of the charges leading to his termination, the standard of proof to be applied in this case is at least proof by clear and convincing evidence and not the preponderance of the evidence used in some eases.
[[Image here]]
Though the City did not discuss the standard of proof issue, there is reason to believe that it does not disagree with the position of the Union inasmuch as it stated in its post hearing brief that it had proved just cause for termination by clear and convincing evidence. [Emphasis supplied]
On appeal, the City does not challenge the arbitrator’s statement.
If the issue were squarely presented here, I would hold that the arbitrator is not entitled to impose a higher burden of proof relative to the firing of a public employee without express authorization by statute or by agreement of the parties to the arbitration. I also agree with Appellant that in this case the imposition of the higher burden on the City violates the arbitration agreement, which provides in part as follows:
The arbitrator ... shall be without power or authority to make any decisions:
[[Image here]]
b. Limiting or interfering in any way with the powers, duties and responsibilities of the City under applicable law and the City Charter.
The case of Cochran v. Broward County Police Benevolent Ass’n, Inc., 693 So.2d 134 (Fla. 4th DCA 1997), relied on by Appellee, is distinguishable because no similar agreement is referred to there.