PER CURIAM.
We affirm the final judgment confirming the arbitration award made in this case. In considering appellant’s contentions, we are mindful of the “high degree of conclusiveness” which should be attached to the arbitrator’s findings. Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327, 1328-9 (Fla.1989). Arbitrators’ awards may not be vacated on the ground that the arbitrator made an error of law. See id. at 1329; Cochran v. Broward County Police Benev. Ass’n, 693 So.2d 134, 135 (Fla. 4th DCA 1997). The arbitrator is the sole judge of the facts and the weight to be given to the evidence. See City of West Palm Beach v. Palm Beach County Police Benev. Ass’n, 387 So.2d 533, 534 (Fla. 4th DCA 1980).
Appellant claims that the arbitrator exceeded his powers in awarding certain types of damages. An arbitrator exceeds his powers only by going “beyond the authority granted by the parties or the operative documents.... ” Applewhite v. Sheen Fin. Res., Inc., 608 So.2d 80, 83 (Fla. 4th DCA 1992). Under federal authority, which would apply to the contract in this case, the test for whether an arbitrator exceeds his authority is whether the arbitrator had the power, based on the parties’ submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrator correctly decided that issue. DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 824 (2d Cir.1997); Cassedy v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 751 So.2d 143, 146 (Fla. 1st DCA 2000). In this case, the arbitrator had the authority to award damages under the contract. Even if he made an error of law in awarding some of the damages, a point we do not decide, we do not review his errors of law, if any. Moreover, we conclude that none of the awards were arbitrary and capricious. See World Inv. Corp. v. Breen, 684 So.2d 221, 222 (Fla. 4th DCA 1996)(“An arbitration award may be vacated on the non-statutory ground that it is arbitrary and capricious.”).
While appellant contends that the award was procured by fraud, a valid ground to vacate the award, appellant has failed to prove the fraud. Although it points to testimony of county employees which it claims was misleading, the court reviewed these contentions at a lengthy hearing and denied them. We conclude that there was no abuse of discretion, nor was there any clear and convincing evidence of fraud.
Finally, with respect to the award of attorney’s fees, we affirm based on City of Boca Raton v. Faith Baptist Church of Boca Raton, Inc., 423 So.2d 1021 (Fla. 4th DCA 1982). We reject the contention that the arbitrator acted without any evidence that the fees were reasonable. The arbitrator had evidence of the amount of the fees and the method of calculation, and he is the sole judge of the evidence and weight to be given to it. See Palm Beach County Police Benev. Ass’n, 387 So.2d at 534. As to the costs awarded, some of the objections made on appeal were not made to the arbitrator. With *944 respect to the remaining objections, appellant simply disagrees with the arbitrator’s interpretation of the contract. However, ‘the scope of [our] judicial review is limited to determining whether or not the interpretation of the contractual language is reasonably debatable.’ Id. at 535 (quoting Kearny PBA Local No. 21 v. Town of Kearny, 81 N.J. 208, 405 A.2d 393, 399-400 (1979)). We find that the arbitrator’s interpretation was reasonably debatable in determining what costs could be awarded.
Affirmed.
WARNER, C.J., GROSS and HAZOURI, JJ., concur.