SALTER, J.
 

 BDO Seidman, LLP, a New York limited liability partnership engaged in an international accounting practice, appeals a final judgment awarding a former Florida partner, Charles Bee, his substantial attorney’s fees incurred in obtaining an arbitration award against BDO for approximately $4 million plus prejudgment interest. The issue presented is apparently one of first impression: whether an attorney’s fee statute applicable to an action for “unpaid wages,” section 448.08, Florida Statutes (2008),
 
 [1]
 
 applies to a compensation dispute between a partner and an LLP. On the record presented, we affirm the trial court’s application of the statute.
 

 The “Understanding”
 

 Bee was a partner of BDO from July 1984 through and beyond October 19, 2008. On that date, he and BDO entered into a three-page letter agreement, the “Understanding Regarding Continued Employment,” referred to by the parties as the “Understanding.” The Understanding guaranteed an amount of future compensation payable to Bee by the partnership for the then-current BDO fiscal year and the next four fiscal years, including a $900,000 partnership bonus to be paid for the partnership’s fiscal year ending June 30, 2004. At the time Bee and BDO entered into the Understanding, they did not terminate Bee’s status as a partner. Indeed, the amounts to be paid through June 30, 2004 were characterized as “allocations of Partnership profits ... based on a per unit value, as determined in accordance with the Partnership Agreement,” and the bonus for that fiscal year was “payable at the time when bonuses are normally paid to BDO Partners.”
 

 The Understanding fixed minimum “annual guaranteed distributable base earnings of $750,000, plus a guaranteed minimum annual bonus of $250,000,” for each of the next four fiscal years (ending June 30, 2008). That provision expressly ac
 
 *1280
 
 knowledged that Bee would remain a partner under the BDO partnership agreement for some time after the execution of the Understanding:
 

 In the event that I withdraw from the partnership during the initial two year period [of the four fiscal year period beginning July 1, 2004 and ending June 30, 2008], the guarantees for those years shall be prorated up to the date of my withdrawal. After two years of service under this provision, the remaining two years’ payment shall be paid even if I withdraw from BDO.
 

 Bee testified that he was going to remain a partner through at least June 30, 2004; that he had a capital account for that BDO fiscal year and therefore received and filed his personal income tax using IRS Schedule K-l for amounts distributed to him (rather than an employee’s form W-2); and that he continued coverage under the partners’ benefit plans after entering into the Understanding.
 

 The Understanding and the partnership agreement did not include any provision for the recovery of attorney’s fees and costs by a prevailing party in the event of a dispute between Bee and BDO. The Understanding did, however, include a provision specifying that Bee would be paid all the amounts due under the Understanding “at the times set forth” if BDO terminated Bee without cause before November 1, 2006. The Understanding also included an arbitration provision for the resolution of any disputes arising under it.
 

 Termination, Arbitration, Award, and Confirmation
 

 In November 2004, BDO notified Bee that it was “rescinding” the Understanding and terminating Bee’s partnership interest for cause. Bee immediately filed a claim in arbitration against BDO in Florida. A three-member panel conducted an eviden-tiary hearing on the claim in May 2005, considered post-hearing memoranda, and entered a final award November 2, 2005.
 

 The final award included several findings pertinent to the issue presented in this appeal:
 

 1. The panel ruled that it would make no determination as to prevailing party and attorney’s fees and costs. These issues would be judicially determined.
 

 2. The panel found that it did not have jurisdiction to determine any dispute under the partnership agreement and thus confined its findings to those relating to the Understanding.
 
 [2]
 

 3. The substantive law of Florida applies to the Understanding. In making this finding, the arbitrators (a) permitted Bee to recede from his initial stipulation that the substantive law of New York applied to the Understanding, and (b) concluded that the Understanding was a contract that could be formed and enforced without resort to the BDO partnership agreement.
 

 4. BDO’s termination of Bee’s partnership interest was “without cause” and was a material breach of the Understanding. BDO’s attempted rescission of the Understanding was in bad faith.
 
 [3]
 

 5. Bee was awarded $404,150 for the unpaid balance of his June 30, 2004 partnership fiscal year end bonus of $900,000; $3,498,436 as the present value of the
 
 *1281
 
 guaranteed payments and bonus amounts for subsequent partnership fiscal years, per the Understanding; pre-award interest on these amounts; and $57,802 in administrative fees and expenses of the American Arbitration Association and arbitrators.
 

 In June 2006, Bee filed a complaint in the Miami-Dade circuit court against BDO seeking confirmation of the final arbitration award and an award by the court of attorney’s fees and costs under sections 448.08 and 448.104.
 
 [4]
 
 The trial court confirmed the arbitration award, characterized it as “an action for unpaid wages for purposes of section 448.08,” and awarded Bee attorney’s fees in the amount of $286,655.50, in a final judgment against BDO. This appeal followed.
 

 Analysis
 

 BDO makes a logical argument that Bee’s claim is a partnership dispute that should be governed by New York law (as specified in the partnership agreement) and that, even if Florida law is applied, Bee was a co-owner seeking partnership profits rather than an employee seeking unpaid wages. It is true that partners are ordinarily considered co-owners of their partnership rather than employees. BDO maintains that the history and purpose of the statute show an intention to remedy a “disparity of economic power,”
 
 [5]
 
 an “inequity” that simply does not exist in the case of a professional partner seeking millions of dollars from an LLP.
 

 In this case, however, the arbitrators found that the Understanding is an agreement “separate and distinct” from the BDO partnership agreement, and that the Understanding is governed by the substantive law of Florida. Those determinations are not subject to judicial review under any of the limited grounds enumerated in section 682.13, Florida Statutes (2008).
 
 Packard v. Ripple,
 
 531 So.2d 991 (Fla. 3d DCA 1988);
 
 Dairyland Ins. Co. v. Hudnall,
 
 279 So.2d 905 (Fla. 3d DCA 1973) (each holding that an arbitration award may not be vacated upon mistake of fact or law but only upon statutory grounds). Giving effect to the arbitrators’ findings, the caption and introductory sentence in the Understanding (referring to Bee’s continued or remaining “employment” by BDO) support the characterization of the unpaid amounts as “wages.” On that basis, the trial court correctly applied section 448.08. If LLPs and other partnership entities operating in Florida intend to avoid statutory fee-shifting in compensation disputes involving a Florida partner or partnership, it may be advisable to put that intention in writing.
 

 Affirmed.
 

 [1]
 

 . The statute provides that "[t]he court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney’s fee.” It is part of the "terms and conditions of employment” in a chapter entitled "general labor regulations."
 

 [2]
 

 . The panel also concluded that it had jurisdiction to determine a separate dispute relating to indemnification under a third agreement. As that agreement did not involve compensation or partnership distributions, it does not affect the analysis here.
 

 [3]
 

 . One of the three members of the arbitration panel dissented from these and certain other findings of the majority.
 

 [5]
 

 .
 
 Lamy v. Jack Jarvis & Co., Inc.,
 
 281 Or. 307, 574 P.2d 1107, 1111 (1978).
 

 [4]
 

 . § 448.104 shifts attorney's fees and costs in favor of the prevailing party in a so-called "whistleblower” action. The arbitrators made no findings that would warrant an award under that section, and the trial court limited the basis for its award against BDO to § 448.08.