# Third District Court of Appeal

## State of Florida

Opinion filed May 8, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1287
Lower Tribunal No. 15-2333
_____

**Cristina Suarez,**
Appellant,

vs.

**Citizens Property Insurance Corporation,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

Marin, Eljaiek, Lopez & Martinez, and Steven E. Gurian and David F. Garcia, for appellant.

Hinshaw & Culbertson, and Maureen G. Pearcy, for appellee.

Before SALTER and LINDSEY, JJ., and LEBAN, Senior Judge.

PER CURIAM.

On Partial Concession of Error

Cristina Suarez (the "Insured") appeals a final judgment awarding the defendant, Citizens Property Insurance Corporation (the "Insurer"), attorney's fees as the prevailing party in a circuit court lawsuit. We affirm as to entitlement to fees, as the Insurer's proposal for settlement complied with section 768.79, Florida Statutes (2018), and the Florida Supreme Court's holdings in Kuhajda v. Borden Dairy Co. of Alabama, LLC, 202 So. 3d 391, 395-96 (Fla. 2016).

We reject the Insured's argument that her separate count for declaratory relief (voluntarily dismissed on the first day of trial) was a claim for purely equitable relief that invalidated the Insurer's proposal for settlement. The trial court correctly determined that the "real issue" in the case was a claim for breach of contract and money damages. See Tower Hill Signature Ins. Co. v. Javellana, 238 So. 3d 372, 376-77 (Fla. 3d DCA 2017).

Based on the Insurer's limited and proper concession of error, we reverse and remand that portion of the final judgment fixing the amount of attorney's fees to be awarded to the Insurer. On remand, the Insurer shall only recover those attorney's fees incurred and actually paid or payable to its attorneys by the Insurer, from service of the 2016 proposal for settlement through the date of the order granting entitlement to fees. See § 768.79(1), Fla. Stat. (2018); Reliance Mut. Life Ins. Co. of Ill. v. Booher, 166 So. 2d 222, 224 (Fla. 2d DCA 1964) (applying dictionary definition of "incurred").

The final judgment is affirmed as to the Insurer's entitlement to attorney's fees, and (pursuant to the Insurer's limited concession of error) reversed and remanded as to the amount of such fees to be awarded to the Insurer.