# Third District Court of Appeal

## State of Florida

Opinion filed April 17, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2032
Lower Tribunal No. 14-5989 SP

_____

**USAA Casualty Insurance Company**,
Appellant,

vs.

**Health Diagnostics of Fort Lauderdale, LLC, etc.**,
Appellee.


An appeal from the County Court for Miami-Dade County, Linda Melendez, Judge.

Dutton Law Group, P.A., Rebecca Delaney, Anthony L. Tolgyesi, and Scott W. Dutton, for appellant.

Kula & Associates, P.A., William D. Mueller, and Elliot B. Kula, for appellee.


Before FERNANDEZ, MILLER, and BOKOR, JJ.

MILLER, J.

This appeal implicates the interplay between an alternative recovery clause in a fee agreement and a proposal for settlement. Appellant, USAA Casualty Insurance Company, challenges a final judgment awarding it a fraction of the attorney's fees it sought after successfully defending a personal injury protection lawsuit filed by appellee, Health Diagnostics of Fort Lauderdale, LLC. Finding the court was bound to award reasonable fees, we reverse.

## BACKGROUND

In 2014, Health Diagnostics filed a small claims action seeking to recover benefits for medical services rendered to a patient pursuant to a personal injury protection policy issued by USAA. The parties invoked the Florida Rules of Civil Procedure and embarked on discovery. See Fla. Sm. Clm. R. 7.020.

Health Diagnostics successfully moved for final summary judgment, and USAA appealed to the Eleventh Judicial Circuit Court, sitting in its appellate capacity. The appellate court reversed the judgment with instructions to the trial court to enter a judgment in favor of USAA. See USAA Casualty Ins. Co. v. Health Diagnostics of Ft. Lauderdale, etc., 27 Fla. L. Weekly Supp. 463a (Fla. 11th Cir. Ct. May 31, 2018). The court separately

2

granted USAA's motion for attorney's fees and directed "the lower court to determine the amount of a reasonable fee."

The trial court complied with the mandate, and USAA moved for trial-level fees. Health Diagnostics then sought production of any written retainer agreements or invoices relating to legal services. USAA disclosed the existence of a global retainer agreement, entitled the "Master Engagement Agreement and Addendums" (the "MEA"), but objected to production, asserting attorney-client privilege. It also produced a $4,000 invoice.

Health Diagnostics filed a motion to overrule the objection, and the trial court performed an in-camera review. The court then issued an order confirming the privileged nature of the document but authorizing a one-time inspection to occur at USAA's office.

The MEA contained the following alternative fee recovery provision:

The amount of the fees allowed to the law firm shall be as set forth above. However, USAA offers a contingency as follows that will increase the hourly rate as an added incentive to judiciously pursue the defense of the case: **In those cases where the Firm positions USAA as the prevailing party** in the action under any theory allowable under law, such as securing a judgment in favor of USAA in trial, summary judgment, motion to dismiss, or any other motion that disposes of further legal action on the case, or, secures a voluntary dismissal of the action from the plaintiff with or without prejudice, **or prevails pursuant to F.S. 57.105, 768.79 or 1.442**, or other theory authorized under law either in the trial or appellate court, **the Firm is entitled to the following hourly rate:**

3

| Partners: | $300 per hour |
|---|---|
| Senior Associates: | $275 per hour |
| Associates: | $250 per hour |
| Paralegal: | $110 per hour |

**Or, the amount awarded by the Court as a reasonable fee, whichever is greater.**

(emphasis added).

Health Diagnostics argued USAA was not entitled to any fees, or, alternatively, fees should be capped at $4,000. In a well-reasoned order, the trial court denied the motion and found:

> [USAA] is entitled to its reasonable attorney['s] fees as the prevailing party in this suit. Finding otherwise would . . . contradict the express terms of the MEA and Addendums between USAA and its [c]ounsel, run afoul of the statutory intent behind the penalties imposed by section 768.79, and undermine Florida defendants' ability to collect their reasonable fees upon entitlement under a variety of alternative fee agreements: contingency, flat fee, or otherwise.

The court further determined that the invoice did not preempt the MEA and that Health Diagnostics lacked standing to maintain a challenge to the fee arrangement. See R. Regulating Fla. Bar 4-1.5(e)(1) ("The fact that a contract may not be in accord with [the reasonable attorney's fees] rules is . . . not the proper basis for an action or defense by an opposing party when fee-shifting litigation is involved.").

The parties retained experts, and the court convened an evidentiary hearing. At the hearing, USAA sought over $80,000 in attorneys' fees, over

4

$7,000 of which related to the appeal, and its lead attorney reiterated the terms of alternative fee recovery clause. USAA admitted its timesheets into evidence.

During cross-examination, Health Diagnostics sought to admit the MEA into evidence. USAA renewed its attorney-client privilege objection and argued that the enforceability of the MEA had already been adjudicated and, regardless, it was entitled by case law to receive a reasonable fee under the proposal for settlement.

Both parties' experts utilized the lodestar method to arrive at an opinion as to reasonableness. At the conclusion of the hearing, USAA requested costs, including an expert witness fee for its testifying expert. The trial court found that USAA's attorneys were operating under a "verbal flat fee agreement," and awarded fees in the amount of $4,000. No fees were awarded for the appeal and the motion for costs was denied. The instant appeal ensued.

## STANDARD OF REVIEW

We ordinarily review an award of attorney's fees for an abuse of discretion. See Babun v. Stok Kon + Braverman, 335 So. 3d 1236, 1240 (Fla. 3d DCA 2021). However, to the extent our analysis involves the

5

construction of a fee agreement, we conduct a de novo review. See O'Malley v. Freeman, 241 So. 3d 204, 206 (Fla. 4th DCA 2018).

**ANALYSIS**

### I.     Proposal for Settlement Fees

The proposal for settlement statute, section 768.79, Florida Statutes (2014), creates a substantive right to attorney's fees upon the occurrence of certain specified conditions. See Buchanan v. Allstate Ins. Co., 629 So. 2d 991, 992 (Fla. 1st DCA 1993); see also Kuhajda v. Borden Dairy Co. of Ala., LLC., 202 So. 3d 391, 394 (Fla. 2016). Florida Rule of Civil Procedure 1.442, in turn, provides the procedural framework to implement the statutory requirements. See Kuhajda, 202 So. 3d at 394.

Section 768.79(1), Florida Statutes, states that a defendant who serves a proposal for settlement "shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract," provided a judgment is entered finding no liability. A companion statutory provision, section 768.79(6)(a), similarly reads:

> If a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, the defendant shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the

6

offer was served, and the court shall set off such costs in attorney's fees against the award.

Section 768.79(7)(b) directs the trial court to consider a specified, non-exhaustive list of additional factors in arriving at a reasonableness determination. Among these factors are "the merit[s] of the claim, the closeness of questions of fact and law, and the amount of additional delay if litigation is prolonged." Coates v. R.J. Reynolds Tobacco Co., 365 So. 3d 353, 356 (Fla. 2023) (citing § 768.79(7)(b), Fla. Stat.); see also Fla. R. Civ. P. 1.442(h)(2).

A long and unbroken line of cases establish that fees imposed pursuant to a rejected proposal for settlement are punitive. They are intended to sanction the rejecting party for unnecessarily prolonging litigation by refusing to accept a presumptively reasonable offer. See Sarkis v. Allstate Ins. Co., 863 So. 2d 210, 222 (Fla. 2003); see also § 768.79(7)(b), Fla. Stat.

## II.     **Alternative Fee Recovery Clauses**

Over a decade ago, the Florida Supreme Court placed its imprimatur on alternative fee recovery clauses in statutory fee-shifting cases. In the seminal case of First Baptist Church of Cape Coral, Florida, Inc. v. Compass Construction, Inc., 115 So. 3d 978 (Fla. 2013), the court considered whether

7

such agreements violate established principles of law relating to attorney's fees.

The court noted that creative alternative fee recovery clauses grew in prevalence in the aftermath of the pronouncement in Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145 (Fla. 1985), that a court-awarded fee must not exceed "the fee agreement reached by the attorney and his client." Id. at 1151. Such clauses typically provide "for an attorney's fee of the greater of either (i) a specified fee if the fee is paid by the client, or (ii) a court-awarded reasonable fee if the fee is paid by a third-party pursuant to a fee-shifting provision." First Baptist Church of Cape Coral, Fla., Inc., 115 So. 3d at 981.

The First Baptist court reiterated the general rule that Rowe's "lodestar approach . . . must be applied in statutory fee-shifting cases." Kuhnlein v. Dep't of Revenue, 662 So. 2d 309, 311 (Fla. 1995); see also First Baptist Church of Cape Coral, Fla., Inc., 115 So. 3d at 981 ("[W]e have repeatedly recognized that the principles of Rowe and its progeny apply to court-awarded reasonable attorney's fees in fee-shifting cases."). The court then noted it had previously held that a prevailing party could recover an amount exceeding its fee agreement without running contrary to Rowe in other

8

contexts, most significantly under a contingency arrangement. See First Baptist Church of Cape Coral, Fla., Inc., 115 So. 3d at 982.

Finding no logical distinction between contingency fee agreements and alternative fee recovery clauses, the court reasoned that, "[o]nce a fee-shifting statute or contract triggers a court-awarded fee, the trial court is constrained by Rowe and its progeny in setting a fee that must be reasonable." Id. Consequently, the court concluded, "an alternative fee recovery clause does not violate Rowe[]'s prohibition against the fee award exceeding the fee agreement because it establishes an agreed rate that the client must pay but also states that the court may award a higher, reasonable attorney's fee if someone other than the client is required to pay." Id. at 983.

### III.    Measuring Hourly Rates in Fee-Shifting Litigation

As referenced in Rowe, even in the absence of an alternative fee recovery clause, cases upholding the application of the lodestar method in the fee-shifting context are legion. We discuss but a few involving attorneys laboring at below-market rates.

In the first, City of Boca Raton v. Faith Baptist Church of Boca Raton, Inc., 423 So. 2d 1021 (Fla. 4th DCA 1982), the City of Boca Raton sought an award of fees under section 57.105, Florida Statutes. Although the evidence demonstrated that the reasonable hourly rate for the city attorney was $100,

the trial court was concerned that awarding such a rate would result in a windfall. See id. at 1022. Thus, the court calculated an hourly rate derived from the city attorney's salary. See id. As a result, the fee award "was substantially less than a reasonable fee based on the expert testimony adduced." Id.

The Fourth District Court of Appeal reversed, concluding that "[t]he mere fact that the plaintiff was represented by its house counsel who was paid an annual salary does not militate against the allowance of reasonable attorney's fees as provided by law." Id. Additionally justifying this result was the fact that section 57.105 was purposed "to discourage baseless claims, stonewall defenses and sham appeals in civil litigation by placing a price tag through attorney's fees awards on losing parties who engage in these activities. Such frivolous litigation constitutes a reckless waste of judicial resources as well as the time and money of prevailing litigants." Id. (quoting Whitten v. Progressive Cas. Ins. Co., 410 So. 2d 501, 505 (Fla. 1982)).

This court employed similar logic in Leibowitz v. City of Miami Beach, 683 So. 2d 204 (Fla. 3d DCA 1996). There, the City of Miami Beach moved for fees after the trial court dissolved a temporary injunction. See id. at 205. The trial court computed an hourly rate based upon the salary of the assistant city attorney. See id. Citing City of Boca Raton, the appellate court reversed

and remanded for a recalculation under the Rowe lodestar methodology. See id.

In yet a third decision, Bailey v. Chamblee, 697 So. 2d 972 (Fla. 2d DCA 1997), the defendant insured sought an award of fees for a salaried insurance company staff attorney pursuant to a rejected offer of judgment. The trial court awarded fees, and the plaintiff appealed, contending that, because the attorney was not operating under a fee agreement, the award was inflated. See id. at 973. In doing so, the plaintiff incanted the familiar Rowe mantra: "'[i]n no case should the court-awarded fee exceed the fee agreement reached by the attorney and his client.'" Id. (quoting Rowe, 472 So. 2d at 1151). Concluding this statement was contextually limited, the Second District Court of Appeal found the methodology proper and affirmed. See id. at 974.

## IV. The Instant Case

Against this jurisprudential landscape, we examine the case at hand. We conclude the reduced fee judgment fails for a combination of overlapping reasons.

First, regardless of the fee arrangement, the trial court was bound to award reasonable appellate attorney's fees. The appellate court's order did not afford the discretion to award less than a reasonable fee or deny

11

appellate fees altogether.  See Specialty Rests. Corp. v. Elliott, 924 So. 2d 834, 838 (Fla. 2d DCA 2005).  Thus, the failure to award appellate fees was error.

Second, as to the trial fees, the alternative fee recovery clause in the MEA is indistinguishable from that implicated in First Baptist.  Consequently, it is valid and enforceable.  Health Diagnostics' contention that USAA's attorney waived enforcement of the MEA because he preserved his privilege objection while alternatively advocating for a reasonable fee under the fee-shifting framework is unavailing.  Absent some recognized exception, "the right to attorneys' fees belongs to the client and not the lawyer." Bonfiglio v. EMC Mortg. Corp., 935 So. 2d 561, 564 (Fla. 4th DCA 2006).  And in this case, USAA requested and obtained a definitive pre-hearing ruling that fees would be awarded under the MEA.  It did not, as Health Diagnostics argues, abandon its reliance on that ruling.  Instead, it invoked the ruling as a basis for recovery and argued the fallback position that reasonable fees were warranted even in the absence of an agreement.

Third, no witness testified as to the existence of a verbal flat fee agreement.  The testimony instead established the invoice was an initial retainer, but, by further agreement, if USAA prevailed, its attorneys were to

receive the compensation specified in the alternative fee recovery clause, or a reasonable court-awarded fee from the losing party.

Finally, awarding USAA less than one thirteenth of the fees it sought produces the net effect of requiring USAA to absorb the enhanced hourly rate promised under the alternative fee recovery provision of the MEA. This shields Health Diagnostics and distorts the punitive objective of the statute.

Any reliance on Suarez v. Citizens Property Insurance Corp., 275 So. 3d 688 (Fla. 3d DCA 2019) for a contrary conclusion is misplaced. In Suarez, a panel of this court accepted a concession of error and reversed a fee award to Citizens based upon a proposal for settlement. See id. at 689. The panel stated that Citizens was limited by section 768.79, Florida Statutes, to recovering the fees "incurred and actually paid or payable" from the time the proposal was served through the date of entitlement. Id.

Casting aside the fact that Suarez is entirely devoid of facts, thus, of limited precedential value, the opinion does not describe the nature of any applicable fee agreement or explain whether the parties were merely disputing the operative window of fees. Moreover, in this case, USAA was contractually obligated to pay the enhanced hourly rate set forth in the MEA. Absent a reasonable court-ordered award, the enhanced rate was both "incurred and actually . . . payable" under any construction of Suarez. Id.

13

Accordingly, we reverse and remand for further proceedings. Upon remand, the trial court shall award a reasonable fee and assess any taxable costs, including a reasonable expert fee. See In re Amends. to Unif. Guidelines for Tax'n of Costs, 915 So. 2d 612, 616 (Fla. 2005); see also § 92.231(2), Fla. Stat. (2022) ("Any expert or skilled witness who shall have testified in any cause shall be allowed a witness fee including the cost of any exhibits used by such witness in an amount agreed to by the parties, and the same shall be taxed as costs."); Travieso v. Travieso, 474 So. 2d 1184, 1186 (Fla. 1985) ("We hold that pursuant to section 92.231, expert witness fees, at the discretion of the trial court, may be taxed as costs for a lawyer who testifies as an expert as to reasonable attorney's fees."); Straus v. Morton F. Plant Hosp. Found., Inc., 478 So. 2d 472, 473 (Fla. 2d DCA 1985) (construing Travieso "to make the award of [attorney] expert fees discretionary only where the testifying attorney expert does not expect to be compensated for that testimony"); Rock v. Prairie Bldg. Sols., Inc., 854 So. 2d 722, 724 (Fla. 2d DCA 2003) (confirming appellants were entitled to award for fee paid to attorney who testified as expert because attorney expected to be compensated for testimony).

Reversed and remanded.