452 So.2d 998 (1984)
David BRAUN d/b/a Marti International Corporation, Appellant,
v.
INTERCONTINENTAL BANK, Appellee.
No. 84-106.
District Court of Appeal of Florida, Third District.
June 19, 1984.
Rehearing Denied July 31, 1984.
Ferdie & Gouz and Jeffrey Solomon and Ainslee Ferdie, Coral Gables, for appellants.
Salley, Barns, Pajon, Guttman & Del Valle and Deborah S. Chames, Miami, for appellee.
Before HUBBART, DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
This appeal is from a trial court order assessing damages in the form of attorney's fees under an injunction bond pursuant to Section 60.07, Florida Statutes (1983). Appellant's main contention is that since the injunction was entered by order of the appellate court in the form of a stay, only the appellate court could have decided, as a basis for awarding damages, that it issued improperly.
Appellant commenced this action against appellee-Bank and two co-defendants seeking rescission and injunction of an irrevocable *999 letter of credit and contract for the sale of plumbing materials. The trial court entered an order denying a temporary injunction of the letter of credit. That order was appealed. In connection with the appeal, appellant requested a stay which we granted upon the condition that appellant post an injunction bond in the circuit court to cover damages, inclusive of attorney's fees, in the event an injunction was determined inappropriate. After a full hearing, we affirmed without opinion the trial court's denial of the temporary injunction.
By affirming the order below, we implicitly approved the trial court's finding that appellant was not entitled to a temporary injunction. A review of the record of the prior appeal in this case, which is permissible, see Nichols v. Tarsches, 429 So.2d 409, 412 (Fla. 3d DCA), rev. denied, 440 So.2d 353 (Fla. 1983) (citing Rogers v. State ex rel. Board of Public Instruction of Alachua County, 156 Fla. 161, 23 So.2d 154 (1945)), confirms that the issue decided adversely to appellant was whether there was irreparable harm and lack of an adequate remedy at law, both prerequisites to a temporary injunction. See Wilson v. Sandstrom, 317 So.2d 732 (Fla. 1975), cert. denied, 423 U.S. 1053, 96 S.Ct. 782, 46 L.Ed.2d 642 (1976). Therefore, appellee may properly recover against the bond any damages which resulted from the issuance of the stay.[1]See Roger Dean Chevrolet, Inc. v. Painters, Decorators & Paperhangers of America, Local No. 452, 155 So.2d 422 (Fla.2d DCA 1963).
Appellant correctly maintains, however, that it was error to grant attorney's fees for services rendered in reviewing and responding to the motion for stay filed in this court. Attorney's fees awarded as damages for the wrongful issuance of an injunction must be restricted to services rendered in undoing a wrongful injunction. Aviation Investments, Inc. v. Johanson, 177 So.2d 369 (Fla. 3d DCA 1965); United Bonding Insurance Co. v. Presidential Insurance Co., 155 So.2d 635 (Fla. 2d DCA 1963). The award of fees was proper only insofar as it was based on appellee's efforts to dissolve the stay. On remand, the trial court should divide and allocate the fees assessed against appellee accordingly.
Affirmed in part, reversed in part, and remanded.
NOTES
[1] Damages in an action on an injunction bond include attorney's fees. United Bonding Insurance Co. v. Presidential Insurance Co., 155 So.2d 635 (Fla. 2d DCA 1963).