564 So.2d 229 (1990)
Reba MERRETT, Appellant,
v.
Jacob NAGEL, Appellee.
No. 89-327.
District Court of Appeal of Florida, Fifth District.
July 12, 1990.
*230 Cynthia Grooms-Marvin, of Grooms-Marvin & Murphy, Palatka, for appellant.
No appearance for appellee.
W. SHARP, Judge.
Merrett appeals from a final judgment which awards Jacob Nagel $1,000 for reasonable attorney's fees expended by him in a guardianship proceeding, pursuant to Florida Rule of Civil Procedure 1.610. That rule requires a party who seeks issuance of a temporary injunction to post a bond conditioned for payment of costs and damages sustained by the other party if that party is "wrongfully enjoined." Merrett argues the record fails to establish the injunction in this case was wrongfully issued, and that any damages or costs incurred by Nagel did not relate to the injunction. We agree and reverse.
On March 18, 1986, Merrett filed a verified petition to determine the competency of her mother, Eunice Nagel, and to restrain Jacob Nagel (Eunice's husband) from removing Eunice from Florida and from disposing of Eunice's funds and properties. The petition met all of the requirements of section 744.331, Florida Statutes (1935). Merrett identified herself as Eunice's adult child, and she alleged Eunice was a resident (for more than twenty years) of Putnam County, Florida.
In connection with the petition, Merrett filed a motion for an emergency restraining order without notice. Her verified pleading alleged that her mother was frail and confused, she could not contact her children for assistance if removed from her home, and that Jacob Nagel had disposed of some of Eunice's property and would deplete her assets unless restrained.
The trial court issued a temporary restraining order without notice pursuant to Florida Rule of Civil Procedure 1.610. It ordered Jacob not to physically remove Eunice from her residence in Putnam County and not to dispose of, or conceal, any of her assets pending further order of the court. It required Merrett to post a $1,000 bond.[1] The bond issued by Peerless Insurance Company tracks the language of rule 1.610(b): "The condition of this bond is for the payment of costs and damages sustained by the respondent Jacob Nagel, if the said adverse party is wrongfully enjoined." The trial court also appointed an examining committee and set a hearing on all matters for April 3, 1986.
None of these pleadings was ever served on Jacob or Eunice Nagel. It was later discovered that Jacob had taken Eunice to Saginaw or Bay City, Michigan sometime prior to March 27, 1986. He was unaware of this lawsuit or the injunction before leaving Florida.
After a short time, Jacob and Eunice moved to Rapid City, South Dakota. They lived in a mobile home for a time. Eventually, Jacob put Eunice in a nursing home. While Jacob was attempting to sell their residence in Florida, an attorney representing him discovered the outstanding restraining order issued against him.
In June 1987, Jacob petitioned the court to dissolve the injunction. Hearings were set, but no order dissolving the injunction issued at that point. In August of 1987, Merrett travelled to South Dakota and removed Eunice from the nursing home without Jacob's knowledge or consent, and brought her back to a nursing home in Florida. The record suggests (although no consent order is in the court file) that Merrett and Jacob then stipulated that a Florida *231 examining committee would look at Eunice and that Merrett and Jacob would allow Eunice to remain in the Florida nursing home pending the examination.
The examining committee declared Eunice was incompetent on October 1, 1987. Merrett then petitioned to be named Eunice's guardian. Jacob opposed her appointment on grounds that Florida had lost jurisdiction over Eunice.
In the meantime, a proceeding initiated in South Dakota (exactly when is not clear  nor by whom) reached the same conclusion as the Florida court. A South Dakota court declared Eunice to be incompetent. It appointed Lewis Rohren to be her guardian. This order is dated November 13, 1987.
The Florida court held a hearing on the pending Florida guardianship matters on January 6, 1988. It heard testimony from Jacob that he and Eunice had established a permanent residence in South Dakota, and thus the Florida court lacked jurisdiction to appoint a guardian for Eunice. In July 1988 the trial court denied Merrett's petition to appoint her guardian as for Eunice, and it ordered Merrett to return Eunice to South Dakota at her expense. It also dissolved the restraining order and reserved jurisdiction solely to enforce the order and award costs and attorney's fees.
Jacob later filed a motion to hold Merrett in contempt for not having returned Eunice to South Dakota. He alleged his attorney had incurred substantial costs and fees "in getting his wife back." He claimed these fees should be assessed against the bond, as well as Merrett individually. The court deferred ruling in October 1988, but in November it awarded $1,000 fees and costs pursuant to Florida Rule of Civil Procedure 1.610(b).
An award of attorney's fees is limited in Florida to specific situations provided for by contract or by statute. Inequitable conduct alone is insufficient. Dickson v. Feiner's Organization, Inc., 200 So.2d 269 (Fla. 4th DCA), cert. denied, 207 So.2d 455 (Fla. 1967). The sole basis for the attorney's fee award in this cause is the claimed wrongful issuance of the temporary injunction pursuant to rule 1.610(b) and section 60.07, Florida Statutes.
Rule 1.610(b) provides that a party moving for issuance of a temporary injunction must post a bond, "in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined." Similarly, section 60.07 provides that in an injunction action after dissolution of the injunction, "the court may hear evidence and assess damages to which a defendant may be entitled under any injunction bond." As noted above, the bond in this cause was conditioned to pay Jacob Nagel $1,000 costs and damages, "if the said adverse party is wrongfully enjoined."
It is well-established that reasonable attorney's fees may be recovered under these circumstances, if the injunction was wrongfully issued, and if the attorney's fees relate to the defeat or dissolution of the court's injunction. Roger Dean Chevrolet, Inc. v. Painters, Decorators and Paperhangers of America, Local No. 452, 155 So.2d 422 (Fla. 2d DCA 1963). For both reasons, the attorney's fee award here was improper. First, there is no finding that the injunction was wrongfully issued, nor does the record demonstrate that it was. Second, the attorney's fees for which Jacob Nagel sought reimbursement in his motion related to "the reasonable costs and fees incurred by him in getting his wife back", and not to procuring the dissolution of the injunction on its merits.
When Merrett sought the temporary injunction or restraining order in this cause, Eunice was a long-time resident of Putnam County. She was allegedly incompetent at that time and was in need of protection and care. As two state courts subsequently ruled, Eunice was incompetent, and a guardian was appointed for her.
The only reason the Florida court ultimately dismissed this guardianship proceeding was because it found Eunice had, after this lawsuit was filed, changed her residence to South Dakota and it no longer had jurisdiction. Under these circumstances, *232 the dissolution of the restraining order by the trial court was not a determination that the temporary restraining order had been wrongfully issued. Rice v. White, 147 So.2d 204 (Fla. 1st DCA 1962).
Nor is there any showing in this record that Merrett did anything to continue the effectiveness of the injunction. A year after it issued, Jacob Nagel petitioned to have the injunction dissolved. But after Eunice was returned to Florida, the parties reached some mutual agreement to take no further action in this case pending the court's determination of Eunice's competency. As the court stated in Oakwood Manor, Inc. v. Eck, 358 So.2d 585, 587 (Fla. 2d DCA 1978):
Obviously there may be circumstances under which a temporary injunction is properly obtained but because it has accomplished its purpose, or due to changed conditions beyond the control of the Plaintiff, the injunction is later dissolved as moot... .
To sustain a cause of action for damages, the defendant must show the injunction was wrongful at inception or at least was continued owing to some wrong on the part of the plaintiff. "If rightfully awarded, but afterwards properly dissolved because of matters done or arising subsequent to its issuance, there can be no recovery of damages."
Further, courts awarding attorney's fees under rule 1.610(b) and section 60.07 limit recovery to the services of the attorney rendered as a result of the wrongful issuance of the order. Global Contact Lens, Inc. v. Knight, 254 So.2d 807 (Fla. 3d DCA 1971), cert. denied, 260 So.2d 520 (Fla. 1972); Braun v. Intercontinental Bank, 452 So.2d 998 (Fla. 3d DCA 1984). The injunction in this case restrained Jacob Nagel from removing Eunice from Florida initially. But in fact it did not prevent their departure to South Dakota.
Any expenses Nagel later suffered came from Merrett's self-help in returning her mother to Florida. However, under portions of the judgment which were not appealed here, Merrett paid all of the transportation costs incurred in both bringing Eunice back to Florida and returning her to South Dakota, as well as for Eunice's care in the Florida nursing home. Thus Nagel's attorney's efforts "in getting his wife back" relate to matters which happened long after the injunction issued, and any damage he suffered did not result from its issuance.
Accordingly, the award of attorney's fees here is
REVERSED.
COBB, J., and LEE, R.E., Jr., Associate Judge, concur.
NOTES
[1] Fla.R.Civ.P. 1.610(d).