707 So.2d 858 (1998)
Gregory BALASCO, an individual, and RJS, Inc., a Florida corporation d/b/a Sarasota Toyota, Appellants,
v.
GULF AUTO HOLDING, INC., a Florida corporation, and Courtesy Toyota of Brandon, Inc., a Florida corporation, Appellees.
No. 97-01499.
District Court of Appeal of Florida, Second District.
March 4, 1998.
*859 David A. Wallace and Carol Ann Kalish, of Williams, Parker, Harrison, Dietz & Getzen, Sarasota, for Appellants.
Michael P. Brundage of Hill, Ward & Henderson, P.A., Tampa, for Appellees.
QUINCE, Judge.
Gregory Balasco appeals a temporary injunction entered in favor of Courtesy Toyota (Courtesy), his former employer. The order enforces a nonpiracy agreement (the agreement), which prohibits Balasco from soliciting or influencing other employees to leave the dealership for a period of three years following his resignation from Courtesy's employment. Based on evidence presented at the injunction hearing, the trial court concluded Courtesy would suffer irreparable harm without immediate relief. The court also concluded that the agreement is enforceable and is not an unlawful restraint on trade. We agree that the agreement is enforceable but remand to shorten the period of restraint to no more than two years.
Balasco argues that the trial court erred in granting the injunction because the court failed to consider: a) whether the agreement sought to protect a legitimate business interest or, b) whether the agreement is reasonable in time and related to Courtesy's line of business. He also maintains that the agreement is void for lack of consideration.
The validity of this agreement is controlled by section 542.335, Florida Statutes (Supp.1996). This provision applies because the agreement was executed in July 1996 after the effective date of section 542.335. Because we find that the agreement protects a legitimate business interest, is not overbroad, is reasonably related to Courtesy's line of business, and is supported by adequate consideration, we affirm.
Section 542.335(1)(c), Florida Statutes (Supp.1996), provides:
A person seeking enforcement of a restrictive covenant also shall plead and prove that the contractually specified restraint is reasonably necessary to protect the legitimate business interest or interests justifying the restriction. If a person seeking enforcement of the restrictive covenant establishes prima facie that the restraint is reasonably necessary, the person opposing enforcement has the burden of establishing that the contractually specified restraint is overbroad, overlong, or otherwise not reasonably necessary to protect the established legitimate business interest or interests. If a contractually specified restraint is overbroad, overlong, or otherwise not reasonably necessary to protect the legitimate business interest or interests, a court shall modify the restraint and grant only the relief reasonably necessary to protect such interest or interests.
*860 Courtesy's president, Jeff Wooley, testified at the injunction hearing concerning the necessity of the agreement. According to Wooley, rather than recycling sales personnel from other dealerships, Courtesy hires personnel with little or no sales experience and invests considerable money and time to teach them the Courtesy way of selling cars. This investment includes the expense of a full-time, in-house training manager, as well as outside trainers. Mr. Wooley explained that the nonpiracy agreement was intended to prevent substantial drops in production triggered by the loss of experienced sales associates who are lured away by managers formerly employed by the dealership.
Greg Balasco was one such manager who allegedly enticed two of Courtesy's most valuable staff members to join him among the ranks of a Courtesy competitor. According to Wooley, when productive associates leave they are replaced with "raw recruits" who may take up to six months to develop. Wooley testified that losing experienced sales associates has a negative impact on Courtesy's productivity, which in turn diminishes staff compensation and morale.
This testimony demonstrates that the agreement was necessary to protect the substantial investment Courtesy makes in specialized training for its sales staff.[1] Based on this testimony, we must also conclude that the agreement furthers the legitimate business interests of promoting productivity and maintaining a competent and specialized sales team.
Balasco also argues that the agreement is void for lack of consideration. He relies on testimony indicating that he would not have been fired for refusing to sign the agreement. However, contrary to this argument, the agreement expressly provides that its execution is a condition precedent to Balasco's continued employment at the dealership. Where, as here, a restrictive covenant specifies, in unambiguous terms, that the agreement is supported by consideration in the form of continued employment, it cannot be found void for lack of consideration. See Coastal Unilube, Inc. v. Smith, 598 So.2d 200 (Fla. 4th DCA 1992)(continued employment is adequate consideration to support covenant not to compete where agreement expressly identified continued employment as consideration); Criss v. Davis, Presser, & LaFaye, P.A., 494 So.2d 525 (Fla. 1st DCA 1986); City of South Miami v. Dembinsky, 423 So.2d 988 (Fla. 3d DCA 1982). Therefore, Balasco's continued employment served as the consideration necessary to support the agreement sought to be enforced in this case.
Balasco's final argument on appeal is that the trial court erred by failing to consider whether the contract imposed reasonable time restrictions. Section 542.335(1)(d)1., Florida Statutes (Supp.1996), provides that "[i]n determining the reasonableness in time... a court shall presume reasonable in time any restraint 6 months or less in duration and shall presume unreasonable in time any restraint more than 2 years in duration." The agreement under consideration here restricts employee solicitation for thirty-six months after Balasco's separation date; therefore, the three-year restriction is presumptively unreasonable. Because we find no evidence in the record to rebut this presumption, the agreement shall not be enforceable for more than two years following Balasco's separation from the Courtesy dealership.
We affirm the trial court's grant of injunctive relief. On remand, the order granting relief should be amended to reduce the period of restraint to two years. See § 542.335(1)(c), Fla. Stat. (Supp.1996).
DANAHY, A.C.J., and PATTERSON, J., concur.
NOTES
[1] Section 542.335(1)(b)5, Florida Statutes (Supp. 1996), identifies extraordinary and specialized training as legitimate business interests.