727 So.2d 1097 (1999)
William L. AUSTIN, Appellant,
v.
MID STATE FIRE EQUIPMENT OF CENTRAL FLORIDA, INC., Appellee.
No. 98-1117.
District Court of Appeal of Florida, Fifth District.
March 5, 1999.
*1098 Randy Hillman of Reiss, Hillman & Reiss, Orlando, for Appellant.
Edward R. Gay, Orlando, for Appellee.
GOSHORN, J.
William Austin appeals a temporary injunction which enforces the terms of an agreement he entered into with his former employer, appellee Mid State Fire Equipment of Central Florida, Inc. ("Mid State"). Austin contends that the agreement does not further a legitimate business interest and that even if it does, the injunction is overbroad. We affirm in part and reverse in part.
Austin began working for Mid State, a fire equipment sales and servicing company, in 1990. In 1997, he signed an employment agreement, as did all of Mid State's employees, wherein he agreed that he would not disclose certain business information, including customer lists and prices, to any third party. He also promised not to engage in any business competitive with Mid State for three years after leaving Mid State.
In February 1998, Austin quit Mid State and began working for a competitor, Orlando Fire Equipment Company ("Orlando Fire"). Mid State sought injunctive relief, and the court entered a temporary injunction which bars Austin from working for a competing business, from soliciting any of Mid State's customers, and from disclosing any pricing information to any third party. It is this order which Austin appeals.
Because the instant agreement was entered into in July 1997, the 1996 revision to the Florida non-competition statute governs this case. Under section 542.335, Florida Statutes (1997), restrictive covenants are enforceable so long as the employer proves a legitimate business interest justifying the restriction. Although Austin contends that Mid State failed to prove a legitimate business interest in the identity of its customers or in its pricing information, we find no error in the trial court's determination that Mid State established such an interest. Accordingly, the court properly enjoined Austin from soliciting customers and disclosing pricing information.
However, we agree with Austin that the injunction is overbroad insofar as it bars him from working for a competing business. Paragraph 542.335(1)(c) provides in part that "[a] person seeking enforcement of a restrictive covenant also shall plead and prove that the contractually specified restraint is reasonably necessary to protect the legitimate business interest or interests justifying the restriction." The statute also provides that "[a] court shall construe a restrictive covenant in favor of providing reasonable protection to all legitimate business interests established by the person seeking enforcement." § 542.335(1)(h) (emphasis added).
Here, there is no evidence to support the conclusion that Mid State will be irreparably harmed merely by Austin working for a new fire equipment company as a service technician so long as he does not divulge price information or approach Mid State's customers. Austin does not set up service runs or set prices; he merely executes the service runs as instructed by his employer, just as he did at Mid State. This is not a case where Austin received training or other specialized knowledge from Mid State; he has been in the industry for sixteen years and worked for other companies, including Orlando Fire, before going to work for Mid State. The injunction should have been limited to the customer and pricing portions of the covenant because beyond that it serves only to prohibit competition and becomes unreasonable protection for Mid State. See generally John A. Grant, Jr. & Thomas T. Steele, Restrictive Covenants: Florida Returns to the Original "Unfair Competition" Approach for the 21st Century, Fla. B.J., Nov. 1996, at 53, 55 (discussing 1996 revision of statute and noting that in enacting the new scheme, "the legislature made certain that it is a balanced statute that does not unnecessarily impede competition, the ability of competitors to hire experienced workers, or the efforts of employees to secure better-paying positions.").
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
PETERSON and ANTOON, JJ., concur.