732 So.2d 33 (1999)
Robert Lee FLICKENGER and John Karras, Appellants,
v.
R.J. FITZGERALD & COMPANY, INC., Appellee.
No. 98-02365.
District Court of Appeal of Florida, Second District.
April 30, 1999.
*34 R. Lawrence Bonner and Marc A. Wites of Homer & Bonner, P.A., Miami, for Appellants.
Ronald H. Trybus of Kass Hodges, P.A., Tampa, for Appellees.
PARKER, Chief Judge.
Robert Lee Flickenger and John Karras (appellants) seek review of the trial court's interlocutory order granting R.J. Fitzgerald & Co., Inc.'s (Fitzgerald) motion for temporary injunction. Of the three issues raised by the appellants, we conclude that only two have merit. Accordingly, we direct the trial court to amend the temporary injunction to reduce the period of restraint to two years and to conduct a hearing to establish the appropriate amount of the injunction bond.
This dispute arises from an employment agreement the appellants executed as employees of Fitzgerald, a commodities brokerage firm. As a condition precedent to employment, each appellant executed an agreement containing restrictive covenants precluding disclosure of confidential information, solicitation of Fitzgerald's clients and employees, and competition with Fitzgerald for three years following a period of active employment. Sometime after the appellants left Fitzgerald's employ, Fitzgerald filed an action against them seeking injunctive relief and damages for breach of the employment agreement. Without hearing arguments regarding the amount of the bond, the court subsequently granted a temporary injunction enforcing the restrictive covenants in the employment agreement and ordered Fitzgerald to post a $10,000 bond. The appellants filed an interlocutory appeal arguing that the trial court erred in awarding the temporary injunction and setting the injunction bond without a hearing.
We conclude that the evidence is sufficient to affirm the enforcement of the employment agreement, except for the three-year restrictive covenant. Under section 542.335(1)(d)1, Florida Statutes (1997), "a court ... shall presume unreasonable in time any restraint more than 2 years in duration." Where there is no evidence in the record to rebut this presumption, an injunction entered in excess of two years is error. See Balasco v. Gulf Auto Holding, Inc., 707 So.2d 858, 860 (Fla. 2d DCA 1998). Because Fitzgerald has not pointed to any evidence in the *35 record to support a three-year time restriction, the three-year time restraint is presumptively unreasonable. See id. Therefore, we direct the trial court on remand to amend the temporary injunction to reduce the period of restraint to two years.
As to the injunction bond, the appellants argue correctly that the trial court erred in setting the amount of the injunction bond without an evidentiary hearing. Because damages recoverable for a wrongfully obtained injunction are limited to the amount of the injunction bond, both parties are entitled to present evidence as to the appropriate amount of the bond. See Longshore Lakes Joint Venture v. Mundy, 616 So.2d 1047, 1047-48 (Fla. 2d DCA 1993). We reverse and remand for an evidentiary hearing because the trial court entered the bond amount without affording the appellants the opportunity to present evidence.
The order granting the temporary injunction is affirmed. We partially reverse this case and direct the trial court to reduce the period of restraint to two years. Further, the trial court is directed to conduct an evidentiary hearing and thereafter to set an appropriate bond.
PATTERSON and NORTHCUTT, JJ., Concur.