736 So.2d 25 (1999)
AERO KOOL CORPORATION, Appellant,
v.
Gilbert OOSTHUIZEN, Appellee.
No. 99-665.
District Court of Appeal of Florida, Third District.
May 12, 1999.
Clarification and Certification Denied July 14, 1999.
White and Case and Marcos D. Jiménez and Eric S. Roth and Darin A. DiBello, Miami, for appellant.
Stephanie Alexander, for appellee.
Before COPE, LEVY and SORONDO, JJ.
PER CURIAM.
Aero Kool Corporation appeals from the lower court's non-final order denying its emergency motion for temporary injunction to enforce a six-month covenant not to compete against Gilbert Oosthuizen. We reverse and remand with directions to enter a temporary injunction.
Aero Kool is engaged in the business of overhauling commercial aircraft engine and airframe accessories. In March 1993, Oosthuizen began work at Aero Kool. Prior to this employment, Oosthuizen had worked at a restaurant and had no experience or training in aviation repair. Aero Kool provided Oosthuizen with over 195 hours of specialized training, enabling him to become skilled in repairing and overhauling aircraft components, particularly heat exchangers. He received a Temporary Airman Certificate from the Federal Aviation Administration (FAA), authorizing *26 him to exercise the privileges of a Repairman "for manager of Heat Exchanger and accessories [while] employed at Aero Kool."
Oosthuizen was subsequently promoted to repair manager. On March 4, 1997, as a condition of continued employment with Aero Kool, Oosthuizen entered into an Employment Agreement containing a covenant not to compete, which provided:
During the Term of Employment and for a period of six (6) months thereafter, the Employee shall not, within any jurisdiction in which the Company is transacting business or has authorized others to do business on behalf of the Company, directly or indirectly ... be employed by ... any business or [sic] the type of character engaged in and competitive with that conducted by the company....
The Employment Agreement also contained an express provision regarding the company's right to an injunction restraining any violation of the covenants contained therein.
In mid-December 1998, Oosthuizen's employment by Aero Kool was terminated after he failed a random drug test. Thereafter, he worked for about a month as a telemarketer with another employer. In late-January 1999, he began work for Aero Kool's competitor, Airmark Components, Inc. At Airmark, Oosthuizen receives training and performs work regarding the repair of air coolers rather than heat exchangers.
On February 19, 1999, Aero Kool filed a verified complaint and emergency motion for temporary injunction seeking to enjoin Oosthuizen from continuing to violate the six month covenant not to compete by working for Airmark. The trial court conducted an evidentiary hearing. On March 9, 1999, the court entered an order denying Aero Kool's emergency motion. In pertinent part, the court found that: (a) Aero Kool had failed to prove the existence of any legitimate business interest, as required by section 542.335, Florida Statutes (1997); and (b) Oosthuizen's employment by Airmark does not cause Aero Kool any harm. We disagree.
As the trial court recognized, the validity of the employment agreement is controlled by section 542.335. Section 542.335(1)(b) provides that "the person seeking enforcement of a restrictive covenant shall plead and prove the existence of one or more legitimate business interests justifying the restrictive covenant." This provision defines the term "legitimate business interest" to include: "Extraordinary or specialized training." § 542.335(1)(b)5.
In this case, the record clearly demonstrates that Aero Kool has a legitimate business interest in the extensive, specialized training in aircraft component repair that it provided to Oosthuizen. See § 542.335(1)(b)5; Balasco v. Gulf Auto Holding, Inc., 707 So.2d 858 (Fla. 2d DCA 1998)(upholding injunction enforcing covenant not to compete protecting legitimate business interest of an auto dealership in the specialized training provided to sales personnel). Oosthuizen had no prior experience in this heavily regulated service industry, and as a result of Aero Kool's training, received certification by the FAA. The trial court's reliance on Austin v. Mid State Fire Equip. of Central Fla., 727 So.2d 1097 (Fla. 5th DCA 1999), in finding that Aero Kool failed to prove a legitimate business interest, was misplaced. In Austin, the former employee had not received training or other specialized knowledge from the employer, had been in the industry for sixteen years, and had worked for other competitors before going to work for Mid State. Id. at 1098.
We find that the employment agreement and its six month covenant not to compete furthered the legitimate business interests of Aero Kool in protecting its investment in this specialized training. We reverse the trial court's denial of temporary injunctive *27 relief and remand with directions to issue a temporary injunction.