747 So.2d 422 (1999)
Richard R. LOTENFOE, M.D., Appellant,
v.
Kye C. PAHK, M.D., Appellee.
No. 99-01155.
District Court of Appeal of Florida, Second District.
December 8, 1999.
*423 Kimberly A. Ashby of Akerman, Senterfitt & Eidson, P.A., Orlando, and Kirk S. Davis and Benjamin H. Hill, IV of Akerman, Senterfitt & Eidson, P.A., Tampa, for Appellant.
John W. Frost, II and Robert J. Aranda of Frost & Saunders, P.A., Bartow, for Appellee.
NORTHCUTT, Judge.
Richard Lotenfoe challenges a temporary injunction forbidding him to compete with his former employer, Kye Pahk, within Highlands County for a period of five years. The injunction bars Lotenfoe from practicing medicine and from contacting or soliciting Pahk's existing patients or any other prospective patients. Lotenfoe also seeks review of the circuit court's order denying his motion to dissolve the temporary injunction. We hold that the temporary injunction was improperly entered. Therefore, we need not address the order on the motion to dissolve.
The doctors entered into an employment agreement on June 25, 1996. The agreement contained the following noncompetition clause:
Employee [Lotenfoe] agrees that on the termination of his employment for any reason, and for a period of five (5) years thereafter, he will not directly or indirectly act in a professional capacity that competes in a substantial degree with the employer [Pahk] within the area of Highlands County, Florida. Liquidated damages for breach of this provision shall be an amount equal to the previous year's compensation paid to Employee. Additionally, should Employee become a partner of Employer under the terms herein provided, and the partnership be dissolved by Employee partner withdrawing from the partnership (thereby terminating said partnership) then the foregoing non-competition agreement shall pass to Employee/partner for five (5) years after termination of the partnership.
The duration of the employment agreement was two years, but the doctors extended it in writing until December 31, 1998. During the extension period, and *424 for a time in 1999, they negotiated the terms of the partnership contemplated in the employment agreement. On February 5, 1999, Lotenfoe sent a letter to Pahk terminating their relationship because they had been unable to reach agreement on several issues concerning the proposed partnership. Pahk then filed suit for breach of the noncompetition clause in the employment agreement.
Section 542.33, Florida Statutes (1995), controls enforcement of this noncompetition clause because the parties entered into the employment agreement in June 1996. See § 542.331, Fla. Stat. (Supp.1996) (section 542.33 governs enforcement of contracts entered into before July 1996). Under that section, the party seeking the injunction is required to plead and prove irreparable injury. See Hapney v. Central Garage, Inc., 579 So.2d 127, 133 n. 4 (Fla. 2d DCA 1991), disapproved on other grounds by Gupton v. Village Key & Saw Shop, Inc., 656 So.2d 475 (Fla.1995). In Hapney, we held that a covenant prohibiting competition per se violated public policy and was void, but that certain legitimate business interests, such as the right to prohibit direct solicitation of existing customers, were subject to protection by injunction. Section 542.33 states that direct solicitation of customers "shall be presumed to be an irreparable injury and may be specifically enjoined." The circuit court's ruling that Pahk had shown the requisite irreparable harm was based on its finding that he proved Lotenfoe directly solicited his patients.
Pahk's verified complaint contained the following averments of direct solicitation:
26. Since the termination of his employment with Plaintiff Pahk, Defendant Lotenfoe has advertised his professional services in the local newspaper for Highlands County, Florida.
27. Upon information and belief, Defendant Lotenfoe has directly contacted and solicited existing patients of Plaintiff Pahk and promoted his new practice of medicine in Highlands County, Florida.
Attached to the complaint was a copy of an advertisement Lotenfoe had placed in the local Highlands County newspaper. Under the heading "New Location," it stated "Richard Lotenfoe, M.D. Urological Surgeon would like to announce that he has changed the location of his office." After listing the new address and telephone number, as well as information about Lotenfoe's schooling and specialties, the advertisement continued: "Dr. Lotenfoe is now accepting new patients." The court found that this advertisement had the substantial effect of directly soliciting Pahk's existing patients. We disagree.
In King v. Jessup, 698 So.2d 339 (Fla. 5th DCA 1997), a case that also addressed a noncompetition covenant between doctors, the employee doctor placed an advertisement in the local newspaper announcing his new address. The court noted that while such an advertisement was a form of solicitation, it was not direct solicitation of the other doctor's patients. We agree with the King court. The circuit court here attempted to distinguish King on the ground that Brevard County, where that case occurred, was four and one-half times larger than Highlands county. Thus, the court reasoned, advertising in Brevard County would have less of a direct effect than advertising in Highlands County. Nothing in the record supports the court's supposition. While we can conceive that an advertisement could be direct solicitation, Lotenfoe's was not.
The temporary injunction order also relies on the paragraph in Pahk's complaint alleging "upon information and belief that Lotenfoe directly solicited Pahk's patients. But an allegation made on information and belief is not sufficient to prove the fact asserted. Cf. Muss v. Lennar Florida Partners I, L.P., 673 So.2d 84 (Fla. 4th DCA 1996) (explaining that a verified answer made on information and belief was insufficient to preclude entry of summary judgment). The order also states that in a stipulated proffer *425 Pahk revealed that eleven of his patients had contacted him asking to have their patient files sent to Lotenfoe. The fact that a patient voluntarily seeks out a doctor at his new practice does not establish direct solicitation. See King, 698 So.2d at 341. Pahk presented no testimony or other evidence that proved Lotenfoe had solicited any of these patients.
In summary, the evidence at the temporary injunction hearing was insufficient to establish direct solicitation. Pahk failed to prove a protectable business interest or irreparable harm that would entitle him to a temporary injunction. For this reason, we reverse the injunction.
Also, although not necessary to the result we reach today, we note that we are not convinced that Pahk proved he is likely to succeed on the merits of the case.[1] The injunction hearing lasted thirty minutes at most. During that time, Lotenfoe argued two potential defenses to Pahk's suit: that Pahk had breached the contract first by failing to negotiate the partnership agreement in good faith; and that the agreement had expired and that the noncompetition provision did not survive expiration. Both of these defenses have support in the case law. See Bradley v. Health Coalition, Inc., 687 So.2d 329 (Fla. 3d DCA 1997); Sanz v. R.T. Aerospace Corp., 650 So.2d 1057 (Fla. 3d DCA 1995). We do not believe that during the truncated hearing the evidence was sufficiently developed to permit a conclusion that Pahk was likely to succeed in the face of the proffered defenses.
Lotenfoe also contends that the circuit court erred in entering the injunction without conducting an evidentiary hearing to determine the amount of the injunction bond to be posted. When the court announced that it would enter an injunction, Lotenfoe's counsel advised the court it needed to take evidence on the bond amount. He specifically mentioned that the bond must cover the damages Lotenfoe would suffer if required to close his practice, and the attorney's fees he would incur. Without taking any evidence, the court set the bond at $20,000. This was error. See Flickenger v. R.J. Fitzgerald & Co., 732 So.2d 33 (Fla. 2d DCA 1999); Longshore Lakes Joint Venture v. Mundy, 616 So.2d 1047 (Fla. 2d DCA 1993).
When a court initially sets an injunction bond, the amount of the bond should constitute the court's determination of the foreseeable damages for a wrongful injunction. See Parker Tampa Two, Inc. v. Somerset Development Corp., 544 So.2d 1018, 1021 (Fla.1989). Generally, a wrongly-enjoined party's damages are limited to the amount of the posted bond; actual damages are awarded only when the injunction was sought in bad faith. See id. at 1020-22. When an appellate court determines that an injunction bond was set without an evidentiary hearing on the foreseeable damages, the remedy is to remand the case for a hearing to set a proper bond amount. See Flickenger, 732 So.2d at 35. But when, as in this case, the appellate court also sets aside the underlying injunction, there is no functional need to set a new injunction bond. See SeaEscape, Ltd., Inc. v. Maximum Marketing Exposure, Inc., 568 So.2d 952, 955 (Fla. 3d DCA *426 1990). Moreover, logic tells us that the evidence presented at a new bond hearing would be evidence of the actual damages the enjoined party suffered during the time the injunction was in effect. Parker Tampa Two did not address this conundrum. The SeaEscape court did, however. It ruled that when the circuit court did not conduct an evidentiary hearing on the bond amount, and when the enjoined party proceeded expeditiously to exhaust available remedies, the damages for the wrongful injunction would not be limited by the erroneously-set bond. See also Provident Management Corp. v. City of Treasure Island, 718 So.2d 738, 739 (Fla.1998) (explaining that "damages for a wrongfully issued injunction are not always limited by the bond amount"); Leibowitz v. City of Miami Beach, 683 So.2d 204 (Fla. 3d DCA 1996). We agree.
Lotenfoe proceeded expeditiously. At the end of the injunction hearing on February 22, 1999, he advised the court of the necessity of an evidentiary hearing on the bond. At the hearing on his motion to dissolve the injunction on March 10, 1999, his counsel again raised the question of the bond amount and stated that the doctor was present to testify about his damages. Counsel argued that the hearing time, thirty minutes, was insufficient for something as extraordinary as a temporary injunction, and reiterated that Lotenfoe was prepared to testify. The court had no time left for the parties on that day, but refused to stay the injunction until adequate time was available. Lotenfoe filed his appeal to this court on March 23, 1999. He was diligent in seeking relief from the erroneously-entered bond. His damages for wrongful injunction will not be limited to the $20,000 bond Pahk posted.
We dissolve the temporary injunction effective with the filing of this opinion. While we do not prohibit the filing of a motion for rehearing, it will not delay dissolution of the injunction. We reverse the portion of the order setting the injunction bond, and remand for further proceedings.
PATTERSON, C.J., and STRINGER, J., Concur.
NOTES
[1] In Sarasota Beverage Co. v. Johnson, 551 So.2d 503 (Fla. 2d DCA 1989), this court rejected the notion that success on the merits, a traditional requirement for entry of an injunction, need be considered in an employment covenant case. Johnson, however, interpreted section 542.33, Florida Statutes (1987). As we explained in Hapney v. Central Garage, Inc., 579 So.2d 127 (Fla. 2d DCA 1991), disapproved on other grounds by Gupton v. Village Key & Saw Shop, 656 So.2d 475 (Fla.1995), this version of section 542.33 contained a presumption of irreparable harm. The 1990 amendment to the statute injected a reasonableness test not contained in the 1987 version. See ch. 90-216, § 1, at 1607, Laws of Fla. By amending the statute the legislature authorized courts to consider traditional equitable principles in employment covenant cases. See Hapney, 579 So.2d at 133. As such, under the version of section 542.33 applicable in this case, it is proper to consider the likelihood that the movant will succeed on the merits of the case.