KLEIN, J.
Broward Yachts, Inc., obtained a temporary injunction against Yachting Promotions, Inc., and posted an injunction bond. After we reversed the injunction and final judgment was entered for Yachting Promotions, the trial court awarded Yachting Promotions attorney’s fees which exceeded the amount of the injunction bond. Broward Yachts argues that the attorney’s fees could not exceed the injunction bond under Parker Tampa Two, Inc. v. Somerset Development Corporation, 544 So.2d 1018 (Fla.1989).
The problem with Broward Yacht’s argument is that the only bases for awarding attorney’s fees in Parker Tampa Two was section 60.07, Florida Statutes (1987), and rule 1.610(b), which provide for an award of damages to a party obtaining the dissolution of an injunction. An award of damages has been interpreted to include attorney’s fees. Braun v. Intercontinental Bank, 452 So.2d 998 (Fla. 3d DCA 1984).
In this case Yachting Promotions sought prevailing party attorney’s fees under the Florida Deceptive and Unfair Trade Practices Act. § 501.2105, Florida Statutes. Parker Tampa Two is accordingly not controlling, and we affirm.
FARMER, C.J., and STEVENSON, J., concur.