903 So.2d 1007 (2005)
Gregory FULFORD, Appellant,
v.
DRAWDY BROTHERS CONSTRUCTION, II, INC., Appellee.
No. 4D04-433.
District Court of Appeal of Florida, Fourth District.
June 1, 2005.
Christopher C. Skambis and Kathleen M. Skambis of The Skambis Law Firm, Orlando, for appellant.
Gregory W. Coleman and Heather McNamara Ruda of Burman Critton Luttier & Coleman, West Palm Beach, for appellee.
PER CURIAM.
Appellant Gregory Fulford entered into a non-compete agreement with his former employer. Fulford was terminated on May 24, 2002; he believed that his employer had fired him to avoid paying a bonus. Fulford and his former employer used pre-suit mediation to settle their disagreement. As part of the settlement, Fulford received a $65,000 payment; also, the non-compete agreement was modified to reduce its duration from three years to eighteen months and to limit its geographic scope to three counties instead of eight. Within the eighteen month period, Fulford began working for a competitor in one of the three prohibited counties. Appellee, Drawdy Brothers Construction, II, Inc., obtained a temporary injunction, which Fulford now challenges. See Florida Rule of Appellate Procedure 9.130(a)(3)(B).
We find no clear abuse of discretion in the trial court's ruling on the temporary injunction entered with notice to enforce the non-compete agreement. See Gold Coast Chem. Corp. v. Goldberg, 668 So.2d 326, 327 (Fla. 4th DCA 1996). The eighteen-month covenant not to compete furthered the former employer's legitimate business interests relating to its bidding process, customer list, and specialized training in the industry. See Bestechnologies, Inc. v. Trident Envtl. Sys., Inc., 681 So.2d 1175 (Fla. 2d DCA 1996); Aero Kool Corp. v. Oosthuizen, 736 So.2d 25 (Fla. 3d DCA 1999). The restrictive covenant was "reasonably necessary to protect" such legitimate business interests and was not "overbroad" or "overlong." § 542.335(1)(c), Fla. Stat. (2004).
Because the temporary injunction, which has expired, was not wrongfully entered, *1008 we do not reach the issue of the injunction bond.
Affirmed.
WARNER, GROSS, and MAY, JJ., concur.