DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**ANDREW J. ANDRIST** and **DOUGLAS S. STANHOPE,**
Appellants,

v.

**STEPHEN P. SPLEEN,**
Appellee.

No. 4D13-2818

[July 16, 2014]


Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 562012CA004595.

Jonathan Jay Kirschner of Jonathan Jay Kirschner & Associates, LLC, Fort Pierce, for appellants.

D. John Rhodeback of Rooney & Rooney, P.A., Vero Beach, for appellee.

MAY, J.

This case illustrates the exception to a rule. The defendants appeal an order awarding them attorney's fees, but limiting the amount to the $100 bond posted by the plaintiff for an ex parte temporary injunction. They argue the trial court erred in limiting the award because they did not have notice of the hearing at which the trial court determined the amount, and they diligently sought relief from the injunction. We agree and reverse.

The case arose from the plaintiff's concern that he would be defamed by the defendants as part of their comedy act. The plaintiff filed an emergency ex parte motion for temporary injunction without notice, as well as a verified six-count complaint against the defendants. The complaint alleged that the defendants were stand-up comedians who had developed a scheme to falsely accuse the plaintiff of molesting one of them when he was a minor.

On their Twitter and Facebook accounts, the defendants posted that they planned to confront the plaintiff at a hotel with a camera crew, and

show the taped interview during a stand-up comedy show in West Palm Beach. The plaintiff alleged the plan was designed to extort him and gain notoriety for the defendants' comedy career. The plaintiff denied the molestation accusations.

In the emergency motion, plaintiff's counsel certified he sent an e-mail to one defendant inquiring about his intentions prior to the hearing, but had not received a response. No other efforts were made to contact the defendants. Counsel argued that no further notice should be required because the defendants threatened to spread untrue allegations about the plaintiff, and notice would not prevent them from disseminating that information.

Plaintiff's counsel informed the court that he found information, including a podcast, on the internet. There were jokes throughout the podcast. He argued the defendants were engaging in a shameless promotion of their comedy tour. Because the plaintiff could not defend himself on the internet, he had no adequate remedy at law.

Counsel suggested that a nominal bond would suffice because the defendants would not suffer any harm or monetary loss by the injunction. He insisted the defendants would not be able to prove any lost income. He also argued that because the plaintiff was not a public figure, either no bond or a nominal one should be required.

The court granted the ex parte temporary injunction without notice, and enjoined the defendants from disclosing, disseminating, or publishing any information regarding the plaintiff and the pending lawsuit. It also enjoined them from threatening to disclose, disseminate, or publish the information until the resolution of the case. The court required a $100 bond.

Nine days after its entry, the defendants filed a verified emergency motion to dissolve the temporary injunction. The motion detailed the plaintiff's alleged molestation of one of the defendants, the negative long-term effects of the molestation, and the plaintiff's alleged admission and apology to the defendant during the taped confrontation.

The court heard the defendants' motion and dissolved the temporary injunction. The defendants then filed an amended motion for an award of damages, including attorney's fees and costs. They argued that they were entitled to damages exceeding the amount of the injunction bond because: (1) the plaintiff did not seek the temporary injunction in good faith; and (2)

the bond was set ex parte and the defendants proceeded expeditiously to exhaust available remedies.

A successor judge heard the amended motion for damages.[1]  The court strictly construed section 60.07, Florida Statutes (2012), and awarded only the amount of the bond.  The court declined the defendants' request to make a factual finding that they expeditiously brought the issue to resolution, explaining that such a finding would not change the outcome.  The court denied the defendant's motion for clarification and for rehearing.  From the award and denial of their motions for rehearing and clarification, the defendants now appeal.

The defendants argue that the court erred in strictly construing Rule 1.610 of the Florida Rules of Civil Procedure and section 60.07, Florida Statutes, to limit their damages to the posted $100 bond.  They argue that this case falls within two exceptions to the general rule because the injunction was obtained ex parte and in bad faith, and they promptly sought to dissolve the wrongfully issued injunction.  We agree and reverse.

We have de novo review of legal issues, but the amount of the attorney's fees award is reviewed for an abuse of discretion.  *Gibbs Constr. Co. v. S. L. Page Corp.*, 755 So. 2d 787, 790 (Fla. 2d DCA 2000).

A temporary injunction may not be entered unless a movant posts a bond in an appropriate amount for "costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined."  Fla. R. Civ. P. 1.610(b).  The amount of the bond constitutes the court's determination of the foreseeable damages.  *Parker Tampa Two, Inc. v. Somerset Dev. Corp.*, 544 So. 2d 1018, 1021 (Fla. 1989).

Upon the dissolution of a temporary injunction, the court "may hear evidence and assess damages to which a defendant may be entitled under any injunction bond."  § 60.07, Fla. Stat. (2012).  "It is well-established that reasonable attorney's fees may be recovered . . . if the injunction was wrongfully issued, and if the attorney's fees relate to the defeat or dissolution of the court's injunction."  *Merrett v. Nagel*, 564 So. 2d 229, 231 (Fla. 5th DCA 1990) (citing *Roger Dean Chevrolet, Inc. v. Painters, Decorators & Paperhangers of Am., Local No. 452*, 155 So. 2d 422 (Fla. 2d DCA 1963)).

---

[1] The Honorable Dan Vaughn entered the ex parte temporary injunction and set the bond at $100.  Due to new division assignments, the Honorable Robert E. Belanger took over Judge Vaughn's division and heard the amended motion for damages.

As a general rule, a wrongfully-enjoined party's damages are limited to the amount of the posted bond. *Parker Tampa Two, Inc.*, 544 So. 2d at 1019. Courts have however allowed recovery exceeding the bond when the injunction is sought in bad faith or when the injunction bond is set without an evidentiary hearing on foreseeable damages. *Lotenfoe v. Pahk*, 747 So. 2d 422, 425 (Fla. 2d DCA 1999).

In *SeaEscape, Ltd., Inc. v. Maximum Marketing Exposure, Inc.*, 568 So. 2d 952, 956 (Fla. 3d DCA 1990), the Third District found the defendant entitled to damages beyond the bond amount because it acted promptly to dissolve the wrongfully entered injunction and increase the bond. The court reversed and remanded the case. "[W]here there has been no opportunity for a hearing and where the enjoined party has proceeded expeditiously to exhaust available remedies, the damages for wrongful injunction are not limited to the bond amount." *Id.* at 956.

Here, the temporary injunction and bond were obtained ex parte. Like the defendant in *SeaEscape*, who promptly moved to dissolve the injunction, the defendants expeditiously moved to dissolve the temporary injunction within nine days of its issuance. The same result is warranted. The defendants were not given notice of the request for a temporary injunction, and were deprived of the opportunity to prove a higher bond was warranted. They acted diligently in moving to dissolve the injunction and in requesting damages, including attorney's fees. The court erred in limiting their damages to the bond amount.

We therefore reverse and remand the case. Because the injunction has been dissolved, the court need only conduct an evidentiary hearing to allow the defendants the opportunity to prove damages greater than the $100 awarded. *See Lotenfoe*, 747 So. 2d at 425–26 (where the injunction is already dissolved, "there is no functional need to set a new injunction bond."); *see also Leibowitz v. City of Miami Beach*, 683 So. 2d 204 (Fla. 3d DCA 1996) (remanding for recalculation of attorney's fees sought after dissolution of the injunction).

*Reversed and Remanded.*

DAMOORGIAN, C.J., and WARNER, J., concur.

*         *         *

**Not final until disposition of timely filed motion for rehearing.**

4