DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANNE MARIE COROMINAS,** As Personal Representative of the **ESTATE OF PATROCINIO R. LIBRE,** and for the use and benefit of herself, **ANNE MARIE COROMINAS,** and Plaintiff's Counsel, **GOLD & GOLD, P.A.,**
Appellants,

v.

**AJAY DEVELOPMENT GROUP, LLC, AJAY TRANSPORTATION, INC.,**
and **KOCH PARAFINCZUK WOLF SUSEN,**
Appellees.

No. 4D18-26

[March 13, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Thomas H. Barkdull, III, Judge; L.T. Case No. 50-2016-CA-000854-XXXX-MB.

Elliot B. Kula, W. Aaron Daniel and William D. Mueller of Kula & Associates, P.A., Miami; and Philip A. Gold of Gold & Gold, P.A., Boca Raton, for appellants.

Justin R. Parafinczuk and Marcus J. Susen of Koch Parafinczuk Wolf Susen, Fort Lauderdale; and Brian J. Holland of the Law Office of Brian Holland, P.A., Fort Lauderdale, for appellee Koch Parafinczuk Wolf Susen.

PER CURIAM.

The appellants challenge the order determining entitlement to and amount of attorney's fees and costs. The appellants raise issues related to the amount of quantum meruit fees awarded to a law firm that was discharged before the case was resolved. We find no merit in those arguments and we affirm. The appellants also challenge the trial court's award of fees to the discharged law firm for litigating its entitlement to quantum meruit fees. The award of these fees was based on a finding that the appellants took the bad faith position that the discharged law firm was not entitled to quantum meruit fees. We agree with the appellants that the trial court did not make the required factual findings to support a bad faith finding, and we reverse and remand for the trial

court to enter an amended order on fees to exclude the expert fee of $28,000.

The plaintiff in the lawsuit underlying this appeal settled her wrongful death claim shortly after firing one law firm and retaining another. The predecessor law firm sought fees for the work it had performed before it was discharged. After two evidentiary hearings were held, the trial court found that the successor law firm's position that the predecessor firm "was entitled to no fees was a bad faith position," and that the predecessor firm was entitled to fees for litigating its entitlement to quantum meruit fees, under both the inequitable doctrine "and/or . . . Florida case law on contesting entitlement for litigating the issue of entitlement."

The trial court did not state what "Florida case law" it relied on, but the record indicates it was relying on a case that does not apply to the facts of this case, as it involved the issue of whether fees for litigating entitlement are encompassed by the statute permitting fees. *See State Farm Fire & Cas. v. Palma*, 629 So. 2d 830 (Fla. 1993). Here, the predecessor firm's request for fees for litigating entitlement was not based on a statute.

The trial court also based its award of fees for litigating entitlement on the inequitable conduct doctrine. "The inequitable conduct doctrine permits the award of attorney's fees" in "extreme cases where a party acts 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Bitterman v. Bitterman*, 714 So. 2d 356, 365 (Fla. 1998) (quoting *Foster v. Tourtellotte*, 704 F.2d 1109, 1111 (9th Cir. 1983)). "[A] finding of bad faith conduct must be predicated on a high degree of specificity in the factual findings." *Moakley v. Smallwood*, 826 So. 2d 221, 227 (Fla. 2002). The findings must "describ[e] the specific acts of bad faith conduct that resulted in the unnecessary incurrence of attorneys' fees." *Id.*

The written order here does not contain the required detailed factual findings. The predecessor firm relies on statements the trial court made at the second hearing. But the court's statements were not supported by the record and were not the sort of findings that are "predicated on a high degree of specificity." Accordingly, we reverse and remand for the trial court to amend the order on fees to exclude the expert fee of $28,000.

*Reversed and remanded for entry of amended order.*

GERBER, C.J., CIKLIN and KUNTZ, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***