DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAWN RENE HOLDING, LLC** and **DAVID MATHIESEN,**
Appellants,

v.

**WORLD JET OF DELAWARE, INC.,**
Appellee.

No. 4D20-2118

[August 25, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. CACE19007250.

Jonathan A. Ewing, Paul L. Kobak and Nada Alfaily of Aero Law Center, Fort Lauderdale, for appellants.

Bruce David Green of Bruce David Green, P.A., Fort Lauderdale, for appellee.

GERBER, J.

After the circuit court dissolved the plaintiffs' wrongfully obtained injunction against the defendant, the defendant brought a successful action to recover its attorney's fees and costs from the plaintiffs' injunction bond. The plaintiffs now appeal from the circuit court's final fees judgment in the defendant's favor. Specifically, the plaintiffs challenge the attorney's fees and costs awarded to the defendant beyond those necessary to dissolve the injunction, i.e., those additional attorney's fees and costs which the defendant incurred in demonstrating its entitlement to attorney's fees.

Applying de novo review, we agree with the plaintiffs and reverse the final fees judgment. *See Weiner v. Maulden*, 267 So. 3d 1045, 1047 (Fla. 4th DCA 2019) ("A party's entitlement to attorneys' fees is reviewed *de novo*."); *Starboard Cruise Servs., Inc. v. DePrince*, 259 So. 3d 295, 297 (Fla. 3d DCA 2018) ("Our standard of review is *de novo* because … when determining entitlement to fees based on the interpretation of a statute, the standard of review is *de novo* ….").

"[T]he award of damages after dissolution of a wrongfully issued injunction is controlled by section 60.07, Florida Statutes ...." *Calder Race Course, Inc. v. Gaitan*, 430 So. 2d 975, 976 (Fla. 3d DCA 1983). Section 60.07, titled "Assessment of damages after dissolution," provides:

> In injunction actions, on dissolution, the court may hear evidence and assess damages *to which a defendant may be entitled under any injunction bond*, eliminating the necessity for an action on the injunction bond if no party has requested a jury trial on damages.

§ 60.07, Fla. Stat. (2020) (emphasis added).

While "[a]n award of damages [under section 60.07] has been interpreted to include attorney's fees," *Broward Yachts, Inc. v. Yachting Promotions, Inc.*, 889 So. 2d 911, 912 (Fla. 4th DCA 2004) (citation omitted), "[o]nly those attorneys' fees related directly to the dissolving of the injunction are allowed." *Calder Race Course, Inc.*, 430 So. 2d at 976; *see also Andrist v. Spleen*, 142 So. 3d 950, 952 (Fla. 4th DCA 2014) ("It is well-established that reasonable attorney's fees may be recovered" if two elements are met: "[1] if the injunction was wrongfully issued, and [2] *if the attorney's fees relate to the defeat or dissolution of the court's injunction.*") (emphasis added; citation omitted); *Braun v. Intercontinental Bank*, 452 So. 2d 998, 999 (Fla. 3d DCA 1984) ("Attorney's fees awarded as damages for the wrongful issuance of an injunction must be *restricted to services rendered in undoing a wrongful injunction.*") (emphasis added).

Here, the attorney's fees and costs awarded were not "restricted to services rendered in undoing [the] wrongful injunction," *Braun*, 452 So. 2d at 999, but instead included additional attorney's fees and costs which the defendant incurred in demonstrating its entitlement to attorney's fees. Accordingly, those additional attorney's fees and costs were improper.

The defendant's answer brief does not rely on the case law interpreting section 60.07, but instead on the "rule of law regarding attorney fees that where entitlement is in issue a litigant may also claim attorney fees." In support, the defendant cites *North Dade Church of God, Inc. v. JM Statewide, Inc.*, 851 So. 2d 194, 196 (Fla. 3d DCA 2003) ("It is settled that in litigating over attorney['s] fees, a litigant may claim fees where entitlement is the issue, but may not claim attorney's fees incurred in litigating the amount of attorney's fees."), and *Household Finance Corp. III v. Williams*, 290 So. 3d 508, 511 (Fla. 4th DCA 2020) ("A party may recover attorney's fees for time spent establishing entitlement to fees; however, a

party cannot recover fees for time spent contesting or determining the amount of fees due.") (emphasis omitted).

However, the defendant's cited cases are distinguishable. Both cases involved mortgage foreclosure actions, and thus dealt with a contractual attorney's fees provision, and not section 60.07's application to a wrongful injunction's dissolution. Further, *North Dade Church of God* cites *State Farm Fire & Casualty Co. v. Palma*, 629 So. 2d 830, 832 (Fla. 1993), which "involved the issue of whether fees for litigating entitlement are encompassed by [section 627.428] permitting fees." *Corominas v. Ajay Dev. Grp., LLC*, 267 So. 3d 22, 24 (Fla. 4th DCA 2019) (emphasis added); *see also Palma*, 629 So. 2d at 833 ("Our conclusion that statutory fees may be awarded for litigating the issue of entitlement to attorney's fees but not the amount of attorney's fees comports with *the purpose of section 627.428 and with the plain language of the statute*.") (emphasis added). Because the defendant's cited cases did not involve section 60.07, we decline to apply those cases here, and instead rely upon the well-established line of cases interpreting section 60.07 to hold that "[a]ttorney's fees awarded as damages for the wrongful issuance of an injunction must be *restricted to services rendered in undoing a wrongful injunction*." *Braun*, 452 So. 2d at 999.

Based on the foregoing, we reverse the circuit court's final fees judgment, and remand for the circuit court to enter an amended final fees judgment in the defendant's favor, but limited to the $9,810.00 in attorney's fees and $170.00 in costs which the defendant incurred to dissolve the wrongful injunction, for a total amended final fees judgment of $9,980.00.

*Reversed and remanded with instructions.*

CIKLIN and FORST, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**